# THOMPSON *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 98, September Term, 1963.]

*Decided January 30, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PER CURIAM.

Herbert Andrew Thompson, the applicant, was convicted of first degree murder and rape in March 1962, in the Criminal Court of Baltimore (we affirmed, *Thompson v. State,* 230 Md. 113), and thereafter he filed a petition under the Uniform Post Conviction Procedure Act, assigning what appears to be two grounds for relief.

First, Thompson urges that his confession (which actually was an admission, being exculpatory as to guilt) was made while he was illegally held by the police and, therefore, it should

not have been introduced into evidence at his trial. The admission was determined at the original trial to have been made voluntarily and Thompson did not contest that determination or its admission into evidence when he appealed. Passing the point that this would appear to have been a clear waiver under Code (1963 Supp.), Art. 27, sec. 645A (a), and assuming that his arrest was illegal (and it would appear that it was not), a voluntary confession given during detention after an illegal arrest may properly be received into evidence. *Peal v. State,* 232 Md. 329; *Stewart v. State,* 232 Md. 318; *Prescoe v. State,* 231 Md. 486.

Thompson next asserts that he should have been provided with counsel during preliminary proceedings before a magistrate. Since he pleaded not guilty before the magistrate, the holding of *White v. Maryland,* 373 U. S. 59, does not apply. We discussed the same contention at some length in *Arrington v. Warden,* 232 Md. 672, 674, and concluded that in *White* "the mere absence of counsel at the preliminary hearing would not have required reversal, except for the fact that the guilty plea had an effect upon the subsequent course of the trial," and "the fact that the accused entered a plea of not guilty * * * could have had no more effect than if no preliminary hearing had been held." See also *Lumpkin v. Director,* 233 Md. 606.

*Application denied.*