Patrick H. MOON, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Misc. No. 5650.

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 15, 1966.

Patrick H. Moon, pro se.

Reno S. Harp, III, Asst. Atty. Gen. for Com. of Va., Richmond, Va., for respondent.

### OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This cause comes before the court upon a petition for writ of habeas corpus, filed *in forma pauperis*, by a state prisoner pursuant to Title 28 U.S.C. § 2254. Issues have been joined by the respondent who has filed an answer to the petition and a motion to dismiss.

The petitioner is at present in the custody of Virginia penal officials as the result of a conviction in the Circuit Court of Halifax County on May 25, 1964. At this time he was tried on the felony charge of malicious wounding, was found by a jury to be guilty of the offense, and was sentenced to a term of imprisonment of ten years. He was represented at his trial by court-appointed counsel.

He subsequently petitioned the Circuit Court of Halifax County for a writ of habeas corpus, which petition resulted in a hearing before that court on July 22, 1965, wherein the petitioner, represented by different court-appointed counsel, appeared along with several other witnesses. The petition was denied by order dated September, 1965.

A petition for writ of error to the Supreme Court of Appeals of Virginia was denied on April 27, 1966. The petition now before this court was filed on July 5, 1966.

In this petition the petitioner alleges that his constitutional rights have been violated for the following reasons: that he was arrested without a warrant and that the arrest was therefore illegal; that he was detained for an unreasonable length of time before a warrant was sworn out and a formal charge made; that he was at no time advised of his constitutional rights; that a police officer made a prejudicial statement at his trial and there was no objection by counsel; that in the course of his appeal to the Supreme Court of Appeals of Virginia that court ordered the Attorney-General of Virginia to file an answer to the petition for writ of error but no such answer was filed and the petition was denied; that petitioner requested a continuance at his preliminary hearing in order that he might obtain counsel but was denied same, and that he was entitled to counsel at the hearing; and that he was both before and during the course of his trial denied the effective assistance of counsel, in that court-appointed counsel did not adequately present a defense on his behalf.

The first question to be considered is whether the petitioner is entitled to another hearing on his factual allegations. It appears to the court that the petitioner's contentions involve questions of law which may be decided on the record. The petitioner has had a full and fair hearing on his claims in the state court according to the standards laid down in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and no useful purpose would be served in affording him another opportunity to

assert the same claims. He has obviously presented all of the evidence available to support his claims.

■ The petitioner was arrested on the morning of April 4, 1964. The arresting officer responded to a report of a family fight and talked to the petitioner at his home, where he found that there had in fact been a fight of some sort. The officer then went to the hospital to talk to the petitioner's son. There he was told by the son that his father had stabbed him with an ice pick, whereupon the officer went back to the petitioner's house and arrested him. Sometime later that day, and apparently in a matter of a few hours at the most, a warrant was issued charging the petitioner with malicious wounding. Upon these facts, which do not seem to be challenged by the petitioners, this court sees no constitutional issue as to either the legality of the arrest or an unreasonable period of detention before a formal charge was made.

■■ The next allegation is that the petitioner was at no time advised of his constitutional rights. This question was not raised at the state hearing so it would not be properly before this court even if it appeared that the petitioner had any basis for the allegation. In any event, the record does not indicate that there was any incriminating statement made by the petitioner, much less used in the case against him. Although he apparently would like to rely on the recent rulings of the United States Supreme Court concerning the necessity of advising a defendant of his rights before questioning him, there is no indication that his case falls within the holding of these cases (which, moreover, occurred after the petitioner's trial and are not retroactive). The court can see no merit in this claim that the petitioner was not advised of his rights and must conclude that this allegation is entirely frivolous.

■ The court also sees no constitutional basis for the claim that the petitioner's rights were abridged by virtue of the fact that no answer was filed by the Attorney-General to the petition for writ of error in the Supreme Court of Appeals of Virginia.

■■ The state court hearing was concerned mainly with the allegations concerning the representation afforded petitioner by counsel both before and during his trial. He states in his petition that he requested a continuance at the time of his preliminary hearing, in order that he might obtain counsel. The respondent contends that he did not make such a request. The court believes from an examination of the record that the evidence supports the respondent. This being so, the remaining question in this connection would then seem to be whether or not the petitioner's rights were abridged by the failure of the court on its own motion to appoint counsel for the petitioner before proceeding with the preliminary hearing. And the answer to this question is that they were not.

Although the United States Supreme Court has held that the accused is entitled to counsel to assist in his defense during the proceedings against him, this has been held to apply only to the *critical* stages of the proceedings against the accused, not to all of the proceedings whether they be critical or not. Under the law of Virginia the preliminary hearing is not a critical stage of the proceedings, and the court can see no evidence that anything happened at the preliminary hearing which would have prejudiced the petitioner's cause so as to make the lack of counsel at the hearing a denial of his constitutional rights. This is not a case where the procedure of the state involved permits certain actions to be taken by the prosecution at the preliminary hearing which may operate to the detriment of the accused and which therefore demands that this stage of the proceeding be deemed a critical one. Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965), cert. denied 383 U.S. 953, 86 S.Ct. 1215, 16 L.Ed.2d 214 (1966). And the petitioner did not enter a plea of guilty at the preliminary hear-

ing as in White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). See also Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Painter v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Annot., 5 A.L. R.3d 1269 (1966). In reaching this decision the court is aware that in 1964 the Virginia legislature enacted a statute which provides that counsel must be afforded an accused before the preliminary hearing is conducted. Va.Code Ann. § 19.1–241.1 (Repl.Vol.1960) (Cum.Supp. 1964). However the trial in the case at bar was held before the passage of this statute, and even had the statute been in effect at the time of trial, a failure to observe its provisions would not necessarily mean that the petitioner's rights under the constitution of the United States had been violated. The issue must still be resolved by a determination as to the nature of the preliminary hearing in the state in question, i. e. whether it be *critical* or not.

In view of the nature of the preliminary hearing proceeding under Virginia law, the court concludes that the fact that the petitioner was unrepresented by counsel at the time of the preliminary hearing does not entitle him to the relief he requests.

■■ The question still remains as to whether or not the representation afforded by counsel appointed after the preliminary hearing constituted effective assistance of counsel as required by the Constitution. The petitioner has alleged that he did not confer with, or even know that he was represented by counsel until the day of his trial. When confronted at the state hearing with the fact that undeniably he had talked to counsel before the trial, he sought to justify his allegation by saying that he had intentions of hiring counsel of his own choice even after the court had appointed counsel for him and that he did not consider court-appointed counsel as representing him until after he had decided that he did not have enough money to employ another attorney. The

record casts a great deal of doubt on this secret intention supposedly held by petitioner to hire another lawyer even though one had been appointed for him; be that as it may, it seems clear that this did not in any way affect the quality of the representation afforded him by court-appointed counsel. His attorney knew of no plans on the part of the petitioner to replace him with counsel of his own choosing but instead went ahead with his preparation of the defense. There is no doubt from the record that counsel was an able lawyer, experienced in the trial of criminal cases, and that he did all that he could do to defend the petitioner. Petitioner himself admits that his attorney talked with the prosecution before the trial, cross-examined the state's witnesses at the trial, argued to the jury, and argued to have the verdict set aside. It further appears that the decision to go before a jury instead of pleading guilty was the decision of the petitioner, made with full knowledge of the situation. The allegation of the petitioner that since counsel was blind he could not see an exhibit (the wound inflicted on the son) and consequently could not effectively represent him is plainly not sufficient to suggest that effective representation was denied. Nor is the allegation (which has not been raised in the state courts) that a police officer made prejudicial statements on the witness stand to which counsel did not object. At the most these would only constitute minor errors of counsel, and it is well-established that such errors must occur as to make the whole trial a farce, if errors of counsel are to be the basis of a charge of ineffective representation. Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964). Not only is there nothing to indicate serious errors before or during trial by court-appointed counsel, but on the contrary the record is replete with references to the excellent reputation enjoyed by counsel for his handling of criminal cases, and the fact that he lived up to this reputation in the case at bar is unquestionably supported by the facts

before the court. The allegation of the petitioner that he was not ably represented in his defense, which he had the burden of carrying, is entirely unsupported by the record.

Therefore, it is hereby adjudged and ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's Motion To Dismiss be, and the same is hereby allowed. A certified copy of this opinion and judgment is directed to be sent to petitioner and to the respondent.