Herbert A. THOMPSON, Appellant,

v.

WARDEN, MARYLAND PENITEN-
TIARY, Appellee.

No. 11712.

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1969.

Decided July 28, 1969.

Graham C. Lilly, Charlottesville, Va., (Court-appointed counsel) [Gail Starling Marshall, Charlottesville, Va., (Court-appointed counsel) on the brief] for appellant.

Alfred J. O'Ferrall, III, Asst. Atty. Gen., of Maryland (Francis B. Burch, Atty. Gen. of Maryland, on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

In the 1962 prosecution of Herbert A. Thompson before the Criminal Court of Baltimore, Maryland, for first degree murder and rape, his confession, now disavowed as involuntary, was received in proof, and the jury found him guilty. After pursuing unsuccessfully all State remedies, he applied to the District Court for release, by habeas corpus, from the sentences of imprisonment, assigning the confession's admission as a trial error of constitutional gravity. Amendments V and XIV. The denial of his petition will be affirmed on the opinion of District Judge Kaufman. Thompson v. Pepersack, 270 F.Supp. 793 (1967).

The arrest was illegal, Thompson charges, and in the circumstances rendered the confession involuntary. This grievance was not advanced on the appeal from Thompson's conviction, after the nisi prius court had assessed the statement as made of his own volition. Not until his recourse to Maryland's post-conviction review did Thompson contest the freeness of his acknowledgment of guilt. In that proceeding, referring to the arrest, the Court noted that "it would appear that it was not [illegal]". Thompson v. Warden, 233 Md. 643, 197 A.2d 138, 139 (1964). However, even assuming the arrest invalid, the Court discerned no resulting corruption of the later avowals of the suspect.

This, too, was the holding of the District Court. Its findings carefully enumerated the events in Thompson's detention. Taken into custody without a warrant at his mother's home, where he was sleeping, about three o'clock in the morning of December 8, 1961—18 days after the crime—his questioning began near 10 A.M. and continued until 11:45 the same morning. He then ate a meal and was fingerprinted soon after midday. Interrogation was resumed at 1:45 in the afternoon and at 2:30 he confessed.

With the District Judge, we see no causal connection of the arrest with the confession; the first did not bring about the second. The separation is too marked and the confession's voluntariness too evident to invoke the cause-and-effect reproof of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), denouncing a confession relatable to an illegal arrest. We said as much in United States v. Close, 349 F.2d 841, 851 (1965) and again just recently in Mefford v. Warden, 413 F.2d 439 (1969). The judgment now on review should stand.

Affirmed.