UNITED STATES of America ex rel.
Edwin WALKER, Appellant,

v.

James F. MARONEY, Superintendent
State Correctional Institution,
Pittsburgh, Penna.

No. 19178.

United States Court of Appeals,
Third Circuit.

Argued Feb. 2, 1971.

Decided May 24, 1971.

Edward H. Weis, Asst. Defender, Defender Association of Philadelphia, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa. (Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges, and HANNUM, District Judge.

OPINION OF THE COURT

PER CURIAM:

This case challenges a May 22, 1970, district court order denying a petition for a writ of habeas corpus filed by a state prisoner sentenced to life imprisonment for first degree murder on September 9, 1957, after a hearing to determine the degree of murder following the entry of a guilty plea with the advice of counsel. The thorough opinion of Judge Higginbotham, 313 F.Supp. 237, with which, after consideration of the record as well as of the arguments and briefs of counsel, we are in agreement, makes it unnecessary for us to recite the lengthy history of the proceedings involving relator in both the state and federal courts, the facts,[1] or the issues (particularly as to the voluntariness of the confession) raised in the district court and in this court, except as to the issue discussed below. See United States ex rel. Walker v. Maroney, 313

---

1. The attempted robbery of the drug store during which one of relator's two co-defendants killed the owner took place on July 25, 1957. See Commonwealth v. Green, 396 Pa. 137, 151 A.2d 241 (1959). He was arrested on July 27, 1957, and a preliminary hearing was held before the

Honorable Theodore Spaulding on July 30, 1957, at which a prima facie case of murder was made out and he was indicted for murder on July 31, 1957. Relator was 16 years old when his guilty plea was made on September 4, 1957, with the advice of competent counsel.

F.Supp. 237 (E.D.Pa.1970).[2] We note that many of the issues argued here had previously similarly been determined in the case of relator's co-defendant Crowson. See United States ex rel. Crowson v. Brierley, 300 F.Supp. 1175 (E.D.Pa. 1968), aff'd 411 F.2d 910 (3d Cir. 1969).

Relying on Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970), decided after the district court opinion and order of May 22, 1970, relator contends that such district court order must be reversed because he had no counsel at the time of his preliminary hearing.[3] It has been consistently held by the great majority of federal courts, as well as the Pennsylvania appellate courts, prior to the *Coleman* decision, that a preliminary hearing is not a critical stage in the criminal procedure in the state court, absent some special circumstances. *See, e. g.,* United States v. Conway, 415 F.2d 158, 160–161 (3d Cir. 1969); Via v. Perini, 415 F.2d 1052 (6th Cir. 1969); Pagan Cancel v. Delgado, 408 F.2d 1018 (1st Cir. 1969); United States ex rel. Budd v. Maroney, 398 F.2d 806 (3d Cir. 1968) (Pennsylvania); Carr v. Henderson, 385 F.2d 531 (6th Cir. 1967), cert. denied 391 U.S. 956, 88 S.Ct. 1864, 20 L.Ed.2d 871 (1968); Rambo v. Peyton, 380 F.2d 363 (4th Cir. 1967); Thompson v. Pepersack, 270 F. Supp. 793 (D.Md.1967), aff'd sub nom., Thompson v. Warden, 413 F.2d 454 (4th Cir. 1969), cert. denied 397 U.S. 950, 90 S.Ct. 972, 25 L.Ed.2d 131 (1970). We have concluded that *Coleman* should not be applied retroactively to the preliminary hearing on July 30, 1957, for the reasons clearly stated in Phillips v. North Carolina, 433 F.2d 659 (4th Cir. 1970), and Konvalin v. Sigler, 431 F.2d 1156 (8th Cir. 1970). *See also* United States ex rel. Bonner v. Pate, 430 F.2d 639 (7th Cir. 1970); Commonwealth v. James, *supra* 269 A.2d at 900.

For the foregoing reasons, the district court order will be affirmed.

---

2. Since relator had competent counsel, McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), reinforce the conclusions of the district court. See also United States ex rel. Broaddus v. Rundle, 429 F.2d 791 (3d Cir. 1970); United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970).

3. Under the Pennsylvania law, a juvenile over the age of 14 must be proceeded against in the criminal court (rather than the juvenile court) when he has been charged with murder and a prima facie case of murder has been made out. See *Gaskins Case*, 430 Pa. 298, 310, 244 A.2d 662, 669 (1968), relied on at 313 F.Supp. 244; Commonwealth v. James, 440 Pa. 205, 269 A.2d 898 (1970); Commonwealth v. Thomas, 440 Pa. 213, 270 A.2d 211 (1970); *cf.* Mont Appeal, 175 Pa. Super. 150, 154, 103 A.2d 460, 462–63 (1954). In the *James* case, the court said (269 A.2d at 899):

"* * * while the juvenile court has jurisdiction to determine delinquency, no matter what crime serves as the basis therefor, this does not oust the jurisdiction of the court of oyer and terminer over murder cases. If, at the hearing in the juvenile court, a prima facie case of murder is made out against a juvenile, then the court must hold the accused for prosecution in the court of oyer and terminer, subject, however, to the right of that court to return jurisdiction of the case to the juvenile court if it is determined such is in the best interests of the child and society."

For this reason, the Pennsylvania courts hold that the juvenile judge, unlike the situation when other crimes are involved, sits as a committing magistrate at a preliminary hearing to determine whether such a prima facie case has been made out. For this reason, cases such as United States ex rel. Turner v. Rundle, 438 F.2d 839 (3d Cir., 1970), involving alleged violations by a juvenile of the Pennsylvania criminal law other than murder, are not applicable to this case.