UNITED STATES of America ex rel.
Robert E. JOHNS, Appellant,

v.

Warren PINTO, Sup't Rahway.

No. 19092.

United States Court of Appeals,
Third Circuit.

Argued July 14, 1971.

Decided Sept. 22, 1971.

Richard A. Levin, Amster & Levin, Newark, N. J., for appellant.

Joyce Munkosci, Asst. Prosecutor, Edward J. Dolan, Prosecutor, Middlesex County, New Brunswick, N. J., for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a May 15, 1970, district court order denying a

petition for a writ of habeas corpus filed by a state prisoner on the ground that the absence of counsel for relator at two proceedings before a municipal judge, held under New Jersey Criminal Practice Rules 3:2–3, after he had been arrested as a result of the filing of complaints charging him with misdemeanors (see N.J.Stat.Ann. 2A:96–4) and high misdemeanors (see N.J.Stat.Ann. 2A:114–2), requires the vacating of his convictions and, at least, a remand to determine whether the absence of counsel was harmless error. See Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed. 2d 387 (1970). After careful considera-

tion of this record, we have concluded that *Coleman* is inapplicable to this case because no preliminary hearing of the type held in *Coleman,* namely, "to determine whether there is sufficient evidence against the accused to warrant presenting his case to the grand jury" (399 U.S. at 8, 90 S.Ct. at 2002), was either required under New Jersey law [1] or was held in this case.

On December 22, 1967, as the result of complaints filed, relator was taken before the municipal judge who set bail and advised him of his constitutional rights pursuant to subsection (b) of the above-mentioned Rule 3:2–3.[2] Since re-

---

1. See State v. Jackson, 43 N.J. 148, 203 A.2d 1, 10–11 (1964), where the court said:

> "Both defendants Jackson and Ravenell contend that since they were afforded no preliminary hearing in the municipal court they were denied due process of law. The contention has no merit and should not be raised at the retrial. [Citing cases.] When the municipal court complaint charging the defendants with murder was filed, the preliminary hearing was adjourned to afford the defendants an opportunity to retain counsel. In the meantime and before the adjourned date, the Union County Grand Jury returned an indictment charging the defendants with murder, as it had the undoubted right to do without awaiting the preliminary hearing. [Citing cases.] From then on the complaint had no further purpose, there was no occasion for any hearing on it, and the defendants were in nowise prejudiced by the absence of the hearing. * * *
>
> " * * * [T]he defendants Jackson and Ravenell were not precluded, by omission of preliminary hearing in the municipal court (or for that matter by the absence of counsel in the municipal court), from any defenses or protective steps, and * * * they were not disadvantaged by pleas or inculpatory statements in the municipal court."

The federal courts are bound by this construction of New Jersey law. See *Coleman, supra,* 399 U.S. at 9, 90 S.Ct. 1999, The New Jersey cases have consistently held that the preliminary hearing, even if held, is not a critical stage of the proceedings. See State v. Vogel, 45 N.J. 400, 405, 212 A.2d 560, 562–563 (1965),

and cases there cited; *but cf. Coleman, supra,* 399 U.S. at 9, 90 S.Ct. 1999.

2. Rule 3:2–3(a) and (b) contain, inter alia, this language:

> "(a) * * * The magistrate before whom the arrested person is taken shall advise such person of his rights in accordance with paragraph (b) of this rule.
>
> "(b) *Procedure After Filing of Complaint.* At the defendant's first appearance before a magistrate following the filing of a complaint, the magistrate shall inform the defendant of the charge made against him and if a copy of the complaint has not previously been furnished to the defendant, shall furnish him with a copy thereof. The magistrate shall also inform the defendant of his right not to make a statement as to the charge against him and that any statement made by him may be used against him. The magistrate shall also inform the defendant of his right to retain counsel or, if indigent and constitutionally or otherwise entitled by law to counsel, of his right to have counsel furnished without cost. If the defendant asserts he is indigent, unless he affirmatively states his intention to proceed without counsel, the magistrate shall have him complete Criminal Procedure Form 5A printed in the Appendix of Forms. If the complaint charges the defendant with an indictable offense, the magistrate shall refer him to the Office of the Public Defender. * * * The magistrate shall allow the defendant a reasonable time and opportunity to consult counsel before proceeding further."

lator was unable to make bail, he was committed to jail to await a preliminary hearing scheduled for December 28, 1967 (see Exhibit P–5). An additional complaint charging relator with violation of N.J.S. 2A:114–2 was filed on December 28, 1967, and, when he appeared that day for his preliminary hearing, he advised the judge "that he was unable to obtain an attorney." For this reason, the judge adjourned the preliminary hearing until January 15, 1968, and sent a request to the Public Defender to supply counsel for relator. On January 12, 1968, the Grand Jury returned indictments covering the charges contained in the complaints and under the New Jersey procedure (see note 1 above), no preliminary hearing was held. Counsel was assigned to represent relator on January 19, 1968.

Relator's contention that the state was required to provide counsel for

him on December 22 and 28 and that such counsel might have secured his release on minimal or no bail or an early psychiatric examination (see *Coleman* at 9 of 399 U.S., at 2003 of 90 S.Ct.) is not supported by this record [3] and must be rejected.

Finally, it is noted that this court has held that *Coleman* should not be applied retroactively to preliminary hearings held prior to June 22, 1970.[4] See United States ex rel. Walker v. Maroney, 444 F.2d 47 (3rd Cir. 1971).[5]

For the foregoing reasons, the district court order of May 15, 1970, will be affirmed.

ALDISERT, Circuit Judge, concurs in the affirmance of the district court order of May 15, 1970.

3. The only available information indicates that, although relator was advised of "his right to have counsel furnished without cost" on December 22, he first stated that he was unable to obtain an attorney on December 28, at which time the hearing was adjourned until January 15. There is no indication in the record that a suggestion for a psychiatric examination or for release on bail was made by counsel when appointed on January 19, 1968. Furthermore, in neither of the two prior actions which relator has instituted in the United States District Court for the District of New Jersey concerning the state criminal proceeding challenged on this appeal (Nos. 438 and 439 of 1969—see Exhibits P–3 and P–4) is there any indication that a psychiatric examination prior to the assignment of counsel on January 19, 1968, would have benefitted him in any way.

4. Furthermore, relator's reliance on the grant of certiorari in Adams v. Illinois, 401 U.S. 953, 91 S.Ct. 981, 28 L.Ed.2d 236 (1971), is not persuasive because of the different situation presented by that

record. First, Adams was convicted of a sale of heroin and the alleged purchaser, who was a narcotics addict, a previously convicted felon, a paid employee of the police department, and had been for several extended periods of time out of view of, and at places unknown to, the arresting officers, was the principal witness against Adams (see p. 3 of Brief for Petitioner and Brief for Respondent in Adams v. Illinois, No. 70–5038, U.S.Sup.Ct.). Second, more than a month after the arrest, a preliminary hearing was held during which a witness testified against petitioner, who had no counsel and was given no opportunity to cross-examine, call witnesses or testify (see p. 2 of above-mentioned Brief for Petitioner). Finally, the defense can move to suppress evidence at the preliminary hearing in Illinois. Ill. Rev.Stat. Ch. 38, § 109–3(e).

5. The other contentions raised in relator's petition for a writ of habeas corpus have no merit. See United States ex rel. Johns v. Pinto, Opinion of May 15, 1970 (D.N. J., Civil Action No. 471–70).