James Andrew GREY, Petitioner,

v.

A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 72–C–48–D.

United States District Court,
W. D. Virginia,
Danville Division.

July 19, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioner, James Andrew Grey, proceeding *in forma pauperis,* has petitioned this court for a writ of habeas corpus. Petitioner was arrested on August 24, 1963 for attempted rape and indicted on that charge at the October term of court in 1963. An attorney was appointed for him on October 7, 1963. After a plea of guilty to the charge, he was convicted and sentenced to ten years imprisonment on January 27, 1964.

Petitioner in his petition for writ of habeas corpus alleges three grounds of error which he contends render his conviction constitutionally defective: 1) that the state court failed to promptly appoint counsel for him; 2) that he had ineffective legal counsel; and 3) that his court appointed attorney for his first state habeas corpus proceeding failed to perfect an appeal.

With respect to his first assignment of error, petitioner contends that the court did not provide him with an attorney as required by § 19.1–241.1 of the Virginia Code. § 19.1–241.1, however, is an amended version of § 19.1–241 which was in effect when petitioner was tried. To determine the fairness of trial procedure, this court must look at the law as it existed at the date of the trial and not as it presently exists. § 19.1–241 read "[i]n any case in which a person is charged with a felony and is not represented by counsel, the court, before accepting the plea of such person, shall by order entered of record appoint an attorney at law to represent him." Petitioner alleges he was deprived of his constitutional rights when no attorney was appointed for him at his preliminary hearing.

The Supreme Court has held that every person accused of a crime is entitled to legal counsel at all critical stages of the proceedings against the accused. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). However the preliminary hearing in Virginia

was not considered a critical stage in 1963. See Moon v. Peyton, 257 F.Supp. 998 (E.D.Va.1966). Recently the Supreme Court has held that the preliminary hearing, even one whose sole purpose is merely to determine whether or not sufficient evidence exists to hold an accused, is a critical stage. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1969). Yet all courts which have considered this case have held that it is not retroactive in application. United States ex rel. Walker v. Maroney, 444 F.2d 47 (3d Cir. 1971); Olsen v. Ellsworth, 438 F.2d 630 (9th Cir. 1971); Konvalin v. Sigler, 431 F.2d 1156 (8th Cir. 1970). The reasoning of these courts is most persuading and sound. This court therefore holds that *Coleman* is not retroactive.

■ The court in Moon v. Peyton, 257 F.Supp. 998 (E.D.Va.1966) after determining that a preliminary hearing in Virginia was not a critical stage, next considered the effect of § 19.1–241.1. It stated that "a failure to observe its provisions would not necessarily mean that the petitioner's rights under the constitution of the United States had been violated. The issue must still be resolved by a determination as to the nature of the preliminary hearing in the state in question, i. e. whether it be critical or not." Moon v. Peyton, 257 F.Supp. 998, 1001 (E.D.Va.1966). Since § 19.1–241.1 is broader in scope and affords an accused more protection than § 19.1–241, it follows that if non-observance of § 19.1–241.1 is not violative of one's constitutional rights, then non-observance of § 19.1–241 also does not violate one's constitutional rights, the true test as of 1963 being whether or not the proceeding in question was critical. Since the preliminary hearing in Virginia was not critical at that time, then non-observance of § 19.1–241 did not violate petitioner's constitutional rights.

■ Petitioner also argues that his case is covered by Timmons v. Peyton, 360 F.2d 327 (4th Cir. 1966) which held that a denial of legal assistance for three and one-half months after the de-

fendant's arrest was a denial of due process. Petitioner apparently is contending that *Timmons* applies with equal force when the time between arrest and appointment of counsel is one and one-half months. This position is without merit. The court in *Timmons* was not concerned so much with the time lapse per se as it was with how this lapse affected the ability of a defendant to prepare an adequate defense. The court held only that the preparation of the defense may not be postponed indefinitely until the state has completed its preparation. To do so is a violation of due process. It did however specifically state that this did not mean that the accused was entitled to have an attorney present when he was undergoing psychiatric tests to determine his competency to stand trial or his sanity.

The facts in *Timmons* are easily distinguishable from the present case. What offended the justices most in *Timmons* was the fact that the defendant had only one possible defense, insanity, and that under Virginia law the burden rested on the defense to prove insanity. In the case, the state waited three and one-half months before it appointed legal counsel, during which time it gathered evidence to prove the defendant's sanity. The court felt it was clearly unfair to allow the state to hinder defense efforts to such an extent. In such a case where the burden of proof rests upon the defense, then defense preparation should proceed concurrently with the state's preparation. In the present case the accused not only offered no defense, but was not prejudiced in the slightest for the state did not attempt to prepare for any defense that the accused might make as was done in *Timmons*.

■ The petitioner also alleges that his counsel was ineffective in that he coerced him into a plea of guilty and that he let petitioner be tried in the judge's chambers. This court has held that mistakes in trial tactics by defense counsel during a trial do not deprive a defendant of his constitutional rights, even when it concerns the question of

whether or not a defendant should plead guilty, if such plea is knowledgeably and intelligently made. Hancock v. Slayton, 341 F.Supp. 436 (W.D.Va.1972); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va. 1969); Lunnermon v. Peyton, 281 F. Supp. 986 (W.D.Va.1968).

 In the present case the accused was not coerced into pleading guilty. His attorney informed him of the maximum and minimum penalties if convicted by a jury and that if he plead guilty that the state would request a ten year sentence. The petitioner apparently contends that he was forced to accept the ten years rather than to risk a jury trial by pleading not guilty. The petitioner knew what he was doing, for he even consulted his mother before making the decision. There is no evidence that petitioner ever had or intended to use an alibi, nor does it appear from the record that petitioner had any type of defense. Petitioner contended for a time that he was not guilty and could have so pleaded. The mere fact that the state offers an accused a "guaranteed" sentence which is less than the maximum possible in return for a guilty plea is not coercion. The state was not obligated to make the offer, and had no offer been made the accused would have had a jury trial. The accused was the only person aside from the victim who knew the true facts, and based on this knowledge he was able to make an intelligent choice of which course to take. Once the choice has been made, it cannot be cast aside lightly. While actual coercion may be sufficient to void a guilty plea, the evidence in the present case discounts this allegation.

 Petitioner further contends that he was tried in the judge's chambers. This contention was also presented to the trial court on his March 2, 1967 habeas corpus hearing and after hearing conflicting evidence, the trial judge ruled that he had been tried before the court and not in the judge's chambers. This court has before it the same evidence which was before that trial court, and it cannot be said that the trial court was clearly erroneous or lacked evidence upon which to base its decision. This court therefore concurs with the finding of the trial court.

 Petitioner's final contention is that his court appointed attorney for the March 2, 1967 hearing failed to perfect an appeal after an adverse decision. This issue was considered by another trial court on an April 21, 1969 habeas corpus hearing which had been ordered by the Virginia Supreme Court on January 17, 1969 after petitioner had petitioned to it for a writ of habeas corpus. That court held that the failure to perfect an appeal was solely caused by the petitioner's delay and procrastination. Based on the records of the case, this court is of the same opinion. Nor does it appear that petitioner was prejudiced by the failure to perfect the appeal, since the Virginia Supreme Court did at a later date grant him a writ of habeas corpus to determine matters set forth in his petition. This ruling resulted in the April 21, 1969 hearing.

For the above reasons the petition for writ of habeas corpus to this court should be denied, and this case is dismissed.