Commonwealth *v.* Boone, Appellant.

Submitted September 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John M. Hickey* and *Hickey, List & Coyne,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1972:

This is an appeal from the lower court's refusal of a Post Conviction Hearing Act petition. Our review of the record leads us to an affirmation of the refusal.

The record clearly establishes that appellant's plea of guilty in Chambers was intelligently and voluntarily given after extensive in-court inquiry establishing that he had been fully advised of his rights and was aware of the nature and consequences of a plea of guilty. The fact that defense counsel did not raise the issue of lack of formal extradition proceedings and did not request that the plea be taken in open court rather than in Chambers did not, under the circumstances of this case, establish ineffective assistance of counsel.

Nor did the failure to take an appeal demonstrate ineffective assistance of counsel. Appellant admitted of record that he had been advised of his right to appeal, and his contention of lack of understanding as to that right was a matter of credibility within the deter-

mination of the court below, with which determination we find no reason to interfere.

Furthermore, an appeal would have been of no value to the appellant since as we have already stated, he had entered an intelligent and voluntary guilty plea leaving only the question of the lawfulness of the imposed sentence.

To demonstrate the unlawfulness and excessiveness of the sentence, the appellant relies on evidence as to his good institutional conduct since sentencing. However admirable such conduct has been, the fact remains it cannot be used to declare unlawful the sentence as originally imposed. For this reason also, we find no merit in appellant's contention that his Petition for Reconsideration of his sentence would have been granted but for its late filing which resulted from his not having the assistance of counsel.

Order dismissing petition affirmed.