Commonwealth *v.* Perrine, Appellant.

Submitted November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James A. Taylor,* and *Murrin & Murrin,* for appellant.

*Alexander H. Lindsay, Jr.,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

In this appeal, we must decide if appellant's conduct constituted an effective waiver of his right to direct appeal. The matter is before this Court from a denial of a petition under the Post Conviction Hearing Act.

On July 23, 1969, appellant was convicted of the charge of armed robbery. At the conclusion of the trial and prior to sentencing, appellant repeatedly communicated his intention to take an appeal without the assistance of counsel. Sentencing took place on September 30, 1970, at which a term of imprisonment of not less than ten years nor more than twenty years was imposed. After the time for appeal had passed, appellant filed a PCHA petition on December 30, 1970, which he later amended on February 24, 1971. An evidentiary hearing was held on June 1, 1972, and testimony was presented in support of the allegations raised in appellant's petition. Thereafter, the court denied appellant relief, and this appeal followed.

It is well settled that every person convicted of a crime has the right to have his conviction and sentence reviewed through appeal, and if he is indigent to have his appeal prosecuted by appointed counsel at no expense to himself. *Douglas v. California,* 372 U.S. 353 (1963). This right of appeal is not mandatory, however, and may be waived. "But to be an effective waiver, the accused must be aware of all of his rights incident to an appeal, and with such knowledge intentionally abandon or fail to exercise them: Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968). If the trial record is silent on the issue of waiver, the Commonwealth has the burden of establishing the existence of an effective waiver: Commonwealth v. Gist, 433 Pa. 101, 249 A. 2d 351 (1969)." *Commonwealth v. Maloy,* 438 Pa. 261, 263-4, 264 A. 2d 697 (1970).

An examination of the record discloses that the trial judge fully and adequately informed appellant that he had a right to appeal his conviction and the time in which said appeal had to be perfected. Appellant at sentencing said that he definitely intended to file such appeal, and told his attorney he planned to file the

papers himself. On the same date, September 30, 1970, counsel wrote appellant a letter, the following of which is an excerpted portion: "You evidenced a desire to prosecute your appeal yourself and this is your right. However, it is my responsibility to tell you that you are also entitled to counsel, either myself or some other counsel of your choosing. In the event you elect to have me prosecute your appeal, I will do so and do it to the utmost of my ability. Please let me know your wishes." That letter was never answered.

At the PCHA hearing, appellant testified that as the date of the letter and the date of sentencing were one and the same he misinterpreted the letter to mean that counsel would file an immediate appeal in his behalf. Such a reading of the letter strains all reason and imagination. The interrogation by the hearing judge of the appellant reveals that appellant admitted to expressing a desire at all times prior thereto to take his own appeal. This was reinforced by trial counsel's testimony at the PCHA hearing. Given the clear tenor of the letter from trial counsel and appellant's behavior during and after trial, we are satisfied that the findings made by the hearing judge were supported by evidence in the record.

As the question of whether the defendant knowingly and intelligently waived his rights incident to appeal is a question of fact which must be decided by the hearing judge, we see no reason why those findings should now be overturned. See *Commonwealth v. Minnick*, 432 Pa. 462, 247 A. 2d 569 (1968).

The order of the lower court denying appellant PCHA relief is affirmed.