385 A.2d 1317
COMMONWEALTH of Pennsylvania
v.
James E. LEE, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted Nov. 14, 1977.
Decided April 28, 1978.

Mary Alice Duffy, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Dep. Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

72

POMEROY, Justice.

Appellant, James E. Lee, was convicted by a jury of murder in the second degree and aggravated robbery. Post-trial motions were denied and Lee was sentenced to concurrent terms of imprisonment of ten to twenty years on the murder charge and seven and one-half to fifteen years on the related robbery charge. The convictions were affirmed on prior direct appeal to this Court. See *Commonwealth v. Lee,* 460 Pa. 473, 333 A.2d 871 (1975). In September of 1975, appellant filed a petition under the Post Conviction Hearing Act,[1] and relief was denied after a counselled evidentiary hearing. This appeal followed.[2] We affirm the decision below.

At the trial of the appellant in 1973 the Commonwealth established its case against Lee through the testimony of two coconspirators, Larry Redmond and Curtis Odum. Their testimony showed the following: On December 3, 1971, Lee, the appellant, Redmond, Odum and one Norman Sweeney agreed to stage a robbery. The following day the four men drove through Philadelphia in an automobile and selected the Diamond Auto Supply Store as their target. Odum parked the car near the premises and remained in it while the other three men entered the store. During the course of the hold-up the proprietor of the store, one Alex Wannerman, attempted to flee to the rear of the building. Thereupon Lee, who was armed with a .32 caliber pistol, fired two shots at Wannerman, wounding him fatally.

█ Redmond was the only eye-witness to the shooting who testified at appellant's trial. In August of 1975, he

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.*

2. Appellate jurisdiction is in this Court under the provisions of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(1), 17 P.S. § 211.202(1); and the Post Conviction Hearing Act, *supra,* n. 1, § 11, 19 P.S. § 1180–11.

recanted his trial testimony. He asserted that the assistant district attorney had coerced him into testifying as he did in return for a reduction in Redmond's sentence on charges arising out of the same criminal episode. At the PCHA hearing Redmond testified that he had known Lee only vaguely prior to the incident and that Lee had neither been present at nor participated in the robbery-murder. Redmond charged that the prosecuting attorney was well aware that the testimony was untrue but nevertheless used it in order to obtain a conviction. In light of Redmond's recantation testimony appellant argues that he is entitled to a new trial on the ground of after discovered evidence or, alternatively, on a theory that the Commonwealth may not knowingly make use of perjured testimony.[3] We find no merit in appellant's position.[4]

■■ Appellant is correct in his assertion that the knowing use by a prosecutor of perjured testimony is good reason for the grant of a new trial. See *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976); *Commonwealth v. Moehring*, 445 Pa. 400, 285 A.2d 487 (1971); *Commonwealth v. Alston*, 430 Pa. 471, 243 A.2d 404 (1968); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); ABA

**3.** As noted, the record discloses that Redmond testified pursuant to a bargain with the District Attorney which provided for a reduction in Redmond's sentence in return for his testimony. The bargain was fully disclosed to the trial judge and jury at the time of Lee's trial. The present claim of prosecutorial wrong-doing, therefore, is not that the assistant district attorney failed to disclose a bargain, compare *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), but that he knowingly allowed a witness to present perjured testimony. *See* discussion, *infra*.

**4.** Appellant also alleges he is entitled to relief on the ground that he was denied due process of law when his post-trial motions were decided and sentence imposed by a judge other than his trial judge. Any such claim has been waived by appellant's failure to raise it on direct appeal, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974), and by a failure, in his PCHA attack, to rebut the presumption that the waiver at the appeal stage was knowing and intelligent. See the Post Conviction Hearing Act, *supra*, n. 1, § 4, 19 P.S. § 1180–4(b) and (c); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Standards Relating to the Prosecution Function, § 3.11. After discovered evidence also is ground for a new trial if it measures up to our frequently repeated conditions, *viz.*, that despite due diligence, the evidence was unavailable at the time of trial, is not merely cumulative or offered to impeach credibility, and is of such a nature that it is likely to compel a different result. *Commonwealth v. Miller,* 465 Pa. 458, 350 A.2d 855 (1976); *Commonwealth v. Tervalon,* 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Peoples,* 456 Pa. 274, 319 A.2d 679 (1974); *Commonwealth v. Bulted,* 443 Pa. 422, 279 A.2d 158 (1971). As a prerequisite to relief under either theory, however, the evidence upon which relief is sought must be credible to the trial court. See *Commonwealth v. Gaddy, supra; Commonwealth v. Anderson,* 466 Pa. 339, 353 A.2d 384 (1976); *Commonwealth v. Karchella,* 449 Pa. 270, 296 A.2d 732 (1972); *Commonwealth v. Coleman,* 438 Pa. 373, 264 A.2d 649 (1970). This prerequisite was not here met.

Appellant undertook in this collateral attack on his conviction to establish that Redmond had lied at trial, that the prosecutor had known of and acquiesced in the prevarication, and that now, in recanting, Redmond was telling the truth. The burden was upon appellant to prove these facts. *Commonwealth v. London,* 461 Pa. 673, 337 A.2d 822 (1975); *Commonwealth v. Walker,* 460 Pa. 658, 334 A.2d 282 (1975). The PCHA court, however, found that the testimony of Redmond was incredible and not worthy of belief. The record discloses ample basis for such a finding. Redmond's version as given at the PCHA hearing that Lee was at no time present at the commission of the robbery was his third account of what transpired at the time of the hold-up of the Diamond Auto Supply Store; each of the stories varied from the other two. Furthermore, Redmond's account of why he recanted and what he actually told the prosecutor contained inconsistencies. Finally, Redmond's PCHA testimony was directly contradicted by the testimony of the assistant district attorney who prosecuted Lee at trial.

■ As was noted in the opinion of Mr. Justice Nix in *Commonwealth v. Sullivan,* 472 Pa. 129, 145, 371 A.2d 468, 476 (1977):

"The findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. See *Commonwealth v. Smith,* 454 Pa. 256, 312 A.2d 396 (1973); *Commonwealth v. Minnick,* 432 Pa. 462, 247 A.2d 569 (1968). Consequently, this Court will not disturb its findings if they are supported in the PCHA record. See *Commonwealth v. Hauser,* 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Tabb,* 433 Pa. 204, 249 A.2d 546 (1968); *Commonwealth v. Minnick,* supra. This is true even when the record could support a contrary holding. See *Commonwealth v. Hauser,* supra."

The deference normally due to the findings of the PCHA court is accentuated where what is involved is recantation testimony, for it is recognized as notoriously unreliable, to be accepted only with great caution. *Commonwealth v. Riley,* 458 Pa. 390, 326 A.2d 384 (1974); *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A.2d 786 (1971); *Commonwealth v. Coleman, supra; Commonwealth v. Lopinson,* 427 Pa. 284, 234 A.2d 552 (1967). This caution is particularly appropriate where, as here, the recantation testimony involves a confession of prior perjury by the recanter. *Commonwealth v. Anderson,* 466 Pa. 339, 353 A.2d 384 (1976); *Commonwealth v. Coleman, supra; Commonwealth v. Lopinson, supra.*

Appellant was unable to convince the PCHA court that Redmond did in fact fabricate testimony at Lee's trial. There is nothing whatever in the record to suggest that the trial court acted arbitrarily in not believing this story. Thus there is no basis upon which to conclude either that the Commonwealth used false testimony at trial or that there now exists new evidence which might result in a reversal of appellant's conviction.

The order of the PCHA court denying relief is affirmed.