405 A.2d 502

**COMMONWEALTH of Pennsylvania**

v.

**Richard C. WAGENHOFFER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided May 25, 1979.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This appeal arises from the denial of appellant's petition for relief under the Post Conviction Hearing Act. *See* 19 P.S. §§ 1180–1 *et seq.* (Supp.1978–79).

We find appellant's arguments without merit and therefore affirm the action of the court below.

On February 6, 1976, a jury found appellant guilty of having possessed, with intent to deliver heroin, on divers dates, to-wit, on May 19, May 20 and June 2, 1975. Appellant was represented by private counsel during trial, as well as for the filing of post trial motions for a new trial and arrest of judgment, which were denied.

On April 14, 1976, appellant was sentenced to a term of imprisonment from four to ten years. At the sentencing, the following colloquy took place:

> The Court: Mr. Wagenhoffer, you have 30 days within which to appeal these judgments of sentences, and the order placing you on probation. If you wish to appeal the appeal is properly taken to the Superior Court of Pennsylvania. If you cannot afford counsel, counsel will be appointed to represent you free for the purpose of perfecting the appeals and arguing them before the Superior Court. If you fail to take the appeal within the requisite 30 days from this date, you will be deemed to have waived your right of appeal and you right to challenge the regularity of this proceeding to date. Do you understand what I have said?
>
> The defendant: Yes, Sir.
>
> The Court: Have you any questions about it?
>
> The defendant: No, Sir.

On May 14, 1976, with the assistance of the law clinic, appellant filed an appeal *pro se*. He also petitioned the lower court for the appointment of counsel. The trial court responded by the appointment of the Public Defender within six days.

During June, 1976, however, appellant retained new private counsel. On December 24, 1976, the lower court filed an opinion in compliance with Superior Court Rule 46 responding to the arguments set forth in appellant's appeal brief. In that opinion the lower court stated that it had not received formal notice of appellant's appeal until December 3, 1976, a manifest violation of Superior Court Rule 46.[1] On

---

1. Superior Court Rule 46 provided in part:

February 2, 1977, this court quashed the appeal. *Common-wealth v. Wagenhoffer*, 245 Pa.Super. 617, 372 A.2d 431 (1977).

Appellant then filed a PCHA petition on April 4, 1977, alleging that he had been denied effective assistance of counsel both at trial and in perfecting an appeal. The Public Defender was appointed to represent the appellant.

On August 4, 1977, the lower court conducted a hearing on said Petition and found as a fact that counsel was not ineffective, that the appellant had voluntarily and knowingly waived his appeal rights when he failed to give proper notice of appeal as required by our rules. As stated by the lower court on page 5 of its Opinion:

"Every individual convicted of a crime has the right to have his conviction and sentence reviewed through appeal and if indigent to have his appeal perfected by appointed counsel. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This right of appeal is not mandatory and may be waived. An effective waiver is established when the accused is made aware of all of his rights incident to an appeal and intentionally abandons or fails to exercise them. *Commonwealth v. Wilson*, 431 Pa. 21, 241 A.2d 760 [244 A.2d 734] (1968). The Superior Court has held that where petitioner expressed the desire to prosecute his own appeal and misinterpreted counsel's letter offering assistance if requested, petitioner had effectively waived rights to appeal. *Commonwealth v. Perrine*, 223 Pa.Super. 486, 302 A.2d 432 (1973). Defendant made an informed and deliberate choice in representing himself when he knew counsel was available. He has presented no evidence which proves ineffective assistance of counsel. The only thing which he has shown is that he

Immediately upon taking his appeal, appellant shall serve notice thereof . . . on the judge who entered the order, judgment or decree below . . . .

Rule 46 was abrogated by Pa.R.A.P. 5102, which became effective on July 1, 1976. The requirement of an opinion by the trial court in support of an order that has been appealed is now provided in Pa.R.A.P. 1925.

was unrepresented for a period of time. *The defendant effectuated an appeal on his own using the resources of the law clinic."*

Our Supreme Court held in *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468, 472 Pa. at page 145, 371 A.2d at page 476:

"The findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. See *Commonwealth v. Smith,* 454 Pa. 256, 312 A.2d 396 (1973); *Commonwealth v. Minnick,* 432 Pa. 462, 247 A.2d 569 (1968). Consequently, this Court will not disturb its findings if they are supported in the PCHA record. See *Commonwealth v. Hauser,* 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Tabb,* 433 Pa. 204, 249 A.2d 546 (1968); *Commonwealth v. Minnick,* supra. This is true even when the record could support a contrary holding. See *Commonwealth v. Hauser,* supra."

In the instant case, the PCHA court found that appellant elected to file his appeal *pro se* utilizing the assistance of the law clinic of the institution. Said law clinic was certainly familiar with the rules of appellate procedure.

There is nothing in the record to indicate that appellant retained his trial counsel to file an appeal in his behalf or that appellant ever retained counsel for that specific purpose. When asked if he ever instructed Mr. Reif (trial counsel) to file an appeal on his behalf, appellant responded:

"I wrote him and I asked him what he was going to do, and if he was going to take any further action for me, and I never got a reply back." PCHA N.T. at 5.

It is this court's considered opinion that the above statement in and of itself does not demonstrate that appellant had directed Attorney Reif to file an appeal on his behalf.

Appellant personally assumed the responsibility of filing and perfecting his appeal to this court. He elected to do so with the aid of the law clinic in the institution. Therefore, the lower court concluded, and we agree, that when appel-

lant failed to give proper notice of appeal as required by the rules of this court, he affected a voluntary and knowing waiver of his appeal rights.

An examination of this record leads us to conclude that appellant is playing games with our system of criminal justice. He was represented by private counsel during the trial and post trial motions. Following the imposition of sentence, he filed his appeal *pro se*. He then requested and was granted the assistance of a Public Defender. Several days later, appellant retained Richard D. Atkins to represent him. Mr. Atkins' original function was to obtain the release of appellant on bail. (See notes of Post Conviction Hearing dated August 4, 1977). In this he was successful.

Atkins was retained late in June of 1976. The appellant had been sentenced April 14, 1976. Atkins could not have been retained for the purpose of filing the appeal. The appeal time expired May 14, 1976.

The PCHA court determined that appellant made an informed and deliberate choice in representing himself at the time he knew counsel was available. Those findings are supported in the PCHA record. They should not be disturbed.

Judgment affirmed.

SPAETH, J., files a dissenting opinion.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

On February 6, 1976, appellant was convicted of a drug offense. Appellant's privately retained attorney filed post-trial motions for a new trial and arrest of judgment, which were denied. On April 14, 1976, appellant was sentenced to a term of imprisonment. On May 14, 1976, appellant filed an appeal *pro se*, and also petitioned the lower court for the appointment of counsel. Six days later the Public Defender was appointed to represent appellant. Sometime in the latter part of June 1976, however, appellant retained a new

private attorney to represent him. On December 24, 1976, the lower court filed an opinion in compliance with Superior Court Rule 46[1] responding to the arguments set forth in appellant's appeal brief. In that opinion the lower court stated that it had not received formal notice of appellant's appeal until December 3, 1976, a manifest violation of Superior Court Rule 46.[2] On February 2, 1977, this court quashed the appeal. *Commonwealth v. Wagenhoffer*, 245 Pa.Super. 617, 372 A.2d 431 (1977).

On April 4, 1977, appellant filed a PCHA petition alleging *inter alia* that he had been denied effective assistance of counsel both at trial and in perfecting an appeal. The Public Defender was again appointed to represent appellant,[3] and a hearing was held on August 4, 1977. In denying appellant's claim that he had been denied effective assistance of counsel on appeal, the lower court held that by filing his appeal *pro se* appellant had "made an informed and deliberate choice in representing himself when he knew counsel was available." Slip Opinion of PCHA court at 5 (dated November 9, 1977). The court pointed out that it had informed appellant at the time sentence was imposed that he had a right to appeal, that that right had to be exercised within thirty days or else it would be waived, and that if appellant could not afford to retain his own counsel, free

1. This rule was abrogated by Pa.R.A.P. 5102, which became effective on July 1, 1976. The requirement of an opinion by the trial court in support of an order that has been appealed is now provided in Pa.R.A.P. 1925.

2. Superior Court Rule 46 provided in part:
   Immediately upon taking his appeal, appellant shall serve notice thereof . . . on the judge who entered the order, judgment or decree below . . . .

3. This appointment itself should require us to remand for a new PCHA hearing. In his petition, appellant questioned the competence of the Public Defender's Office in perfecting his direct appeal. The lower court, therefore, should not have reappointed the same Defender's Office to represent appellant in the PCHA proceedings. *See Commonwealth v. Glasco*, 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). The majority, without explanation, does not discuss this point.

counsel would be appointed to perfect the appeal. The court reasoned that by filing his appeal *pro se* appellant had chosen to prosecute his appeal himself, and had assumed the risks of perfecting that appeal. Therefore, the court concluded, when appellant failed to give proper notice of appeal as required by the rules of this court, he effected a voluntary and knowing waiver of his appeal rights.

It is well settled that findings of fact by a PCHA hearing judge who hears the evidence and passes on the credibility of the witnesses must be given great deference by an appellate court. *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468, 476 (1977); *Commonwealth v. Smith*, 454 Pa. 256, 312 A.2d 396 (1973); *Commonwealth v. Minnick*, 432 Pa. 462, 247 A.2d 569 (1968). Consequently, we will not disturb a PCHA court's findings if they are supported by the record, even though the record could support contrary findings. *Commonwealth v. Sullivan, supra; Commonwealth v. Hauser*, 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Tabb*, 433 Pa. 204, 249 A.2d 546 (1969); *Commonwealth v. Boone*, 223 Pa.Super. 117, 299 A.2d 49 (1972). However, our task in cases of this nature also "encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (citation omitted). We are therefore not bound by findings made by the lower court that are unsupported by the record.

Appellant testified at the PCHA hearing that after April 14, 1976, the date he was sentenced, he wrote his privately retained trial counsel from prison to inquire "what he was going to do, and if he was going to take further action for [him]." PCHA N.T. at 5. Appellant said he never received a reply, and so was forced to rely on the services of the prison law clinic to file his appeal. Furthermore, the record shows that when his appeal was filed on May 14, appellant petitioned the lower court for the appointment of counsel. Although the Public Defender was subsequently appointed,

the assistant defender who was assigned to the case failed to ensure that the appeal was perfected. At the PCHA hearing, appellant called this assistant defender, who testified that he could not recall what assistance, if any, he had rendered appellant since his office had lost appellant's file. The Commonwealth presented no evidence at the PCHA hearing, nor did it undermine appellant's proof through cross-examination.

Under these circumstances, I believe that appellant was denied effective assistance of counsel on appeal. The standard for determining effective assistance of counsel is as follows:

> " '[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel *had some reasonable* basis designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis'." [Emphasis in original.]

*Commonwealth v. Mabie,* 467 Pa. 464, 473, 359 A.2d 369, 373 (1976), *quoting Commonwealth ex rel. Washington v. Maroney, supra. See also Commonwealth v. Dancer,* 460 Pa. 95, 103, 331 A.2d 435, 439 (1975). The failure of appellant's privately retained attorney to respond to appellant's letter inquiring about an appeal could have no reasonable basis designed to effectuate his client's interest. Our rules allowed appellant only thirty days to bring an appeal. Appellant's letter showed that he thought the attorney was still representing him. If the attorney did not intend to continue his representation, a quick response was in order so that appellant could secure the services of the Public Defender to protect his rights. When appellant did secure those services, the Public Defender also provided ineffective assistance of

counsel by failing to perfect notice of appellant's appeal in a timely manner.[4]

The lower court's finding that appellant waived his right to appeal is without any basis in the record. Appellant had a right to a direct appeal from his judgment of sentence. *Commonwealth v. Taylor*, 483 Pa. 60, 394 A.2d 538 (1978). He also had the right to assistance of counsel in taking and perfecting that appeal. *Commonwealth v. Fryberger*, 232 Pa.Super. 127, 334 A.2d 743 (1975); *Commonwealth v. Grillo*, 208 Pa.Super. 444, 448, 222 A.2d 427, 429 (1966). In order to waive these rights, appellant's waiver had to be voluntary and intelligent. *Commonwealth v. Ash*, 461 Pa. 670, 337 A.2d 821 (1975); *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975); *Commonwealth v. Mack*, 451 Pa. 319, 304 A.2d 93 (1973); *Commonwealth v. Tresize*, 243 Pa.Super. 404, 365 A.2d 1287 (1976); *Commonwealth v. Hill*, 231 Pa.Super. 371, 331 A.2d 777 (1974). The lower court's, and the majority's, reliance on *Commonwealth v. Perrine*, 223 Pa.Super. 486, 302 A.2d 432 (1973), to find waiver is misplaced. In *Perrine*, the defendant maintained during and after his sentencing hearing that he intended to file an appeal without any assistance of counsel, even through court-appointed counsel offered his services. Here, unrebutted testimony shows both that appellant never intended to waive his right to a counseled appeal, and that he took steps to secure the services first of his privately retained trial counsel and then of court-appointed counsel.

The majority's statement that "[a]n examination of this record [indicates] that appellant is playing games with our system of criminal justice," at 504, is unwarranted. Our system of criminal justice guarantees a defendant the right to be represented before this court by counsel. Appellant attempted to secure the services of his trial counsel to prosecute an appeal. When these attempts failed, he secured the services of the public defender to protect his

4. Nor, if we assume that the appeal could still have been perfected in late June, was appellant's second retained counsel effective in waiting until December to give the lower court proper notice.

rights. Nothing in the record suggests that appellant did not qualify for the defender's services. Later, appellant succeeded in persuading another lawyer to take the appeal. These facts do not show that appellant acted improperly, and the majority, though casting aspersions, cites no other facts.

The powerful gain no credit when they call names at the weak. The majority's finding that appellant *knew* of the requirements stated in Rule 46, yet chose to ignore them, really entails two findings: 1) that the prison law clinic (operated, it seems likely, by convicts who were not lawyers, were not legally trained, and may not have passed grammar school) knew of the requirements of Rule 46; and 2) that the clinic told appellant of these requirements. Nothing in the record supports these findings. Moreover, if I have misconstrued the majority's opinion as regards the second of these findings, the opinion becomes the less acceptable, for it then holds: 1) that appellant had constructive notice of the requirements of Rule 46 because he consulted a prison law clinic; and 2) that a prison law clinic can waive vicariously the constitutional rights of those who use its services.

Appellant could waive his right to appeal only if he did so himself—voluntarily and intelligently. So much is settled law. The majority recognizes this when it states that appellant "elected" to forgo the assistance of counsel. I am unable to determine, however, when the majority believes this election occurred. Appellant sought counsel before his appeal was filed, when his appeal was filed, and after it was filed. When then did the "election" occur? Did it occur when appellant wrote to his trial counsel and asked "if he was going to take any further action" instead of asking him "to file an appeal on his behalf"? If the election occurred at this point, the majority makes the law turn on semantics; but the waiver of constitutional rights does not turn on semantics. Did the election occur when appellant availed himself of the services of the prison law clinic? But was it not logical, with time running out in which to file an appeal, and with no word from counsel, for appellant to turn to the

clinic for help? Moreover, when the appeal was filed, appellant specifically elected to exercise his constitutional right to assistance of counsel on appeal. I do not understand the majority to be saying that even had the public defender acted diligently in giving the lower court proper notice under Rule 46, appellant's right to appeal would nevertheless have been waived. Or did the election occur still later? The majority states that "[t]here is nothing in the record to indicate that appellant retained his trial counsel to file an appeal in his behalf or that appellant ever retained counsel for that specific purpose." At 504. If appellant never retained counsel to file an appeal, what did we quash in *Commonwealth v. Wagenhoffer*, 245 Pa.Super. 617, 372 A.2d 431 (1977)?

The order of the lower court should be reversed and the case remanded to allow appellant to file an appeal *nunc pro tunc.*