Opinion by
Hoffman, J.,
Petitioner pleaded guilty on April 29, 1954, to four indictments charging aggravated robbery. He was sentenced to a term of not less than five nor more than ten years, on each bill, the sentences to run consecutively.
On June 9, 1967, petitioner filed a petition under the Post Conviction Hearing Act, in which he alleged that he was deprived of his right to effective assistance *440 of counsel and that his sentence constituted illegal double punishment.
A hearing was held on August 15, 1967, at which petitioner was represented by counsel. The petition was denied, and from that denial, this appeal followed.
Petitioner contends that proof of shortness of consultation with counsel is sufficient to support a finding of lack of effective representation. Counsel was appointed by the trial court to represent petitioner the day of the proceedings. Counsel had represented petitioner in a previous matter before the court. After a side bar conference, counsel spoke with petitioner for a short time. Petitioner testified that counsel told him: “I see you signed a confession and entered a guilty plea and therefore there’s nothing I can do.” He further testified that counsel never asked him about his involvement in the case or the confession.
Petitioner was the only one to testify at the hearing. The Commonwealth chose not to call petitioner’s trial counsel or any other witnesses. Petitioner’s counsel chose not to call trial counsel to corroborate petitioner’s allegations.
Petitioner contends that once he has testified to facts which, if believed, would constitute the basis for a. finding that trial counsel was ineffective, the burden of proof shifts to the Commonwealth to rebut his testimony. This contention was made and specifically rejected by the Supreme Court in Commonwealth v. Grays, 428 Pa. 109, 237 A. 2d 198 (1968). In that case, quoting from Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967), the Court stated: “ ‘As with other assertions of a denial of constitutional rights in post-conviction proceedings, the burden remains throughout with the prisoner to demonstrate any constitutional deprivation.’ ” at 111. Moreover, the Court stated: “If the Commonwealth is con *441 tent to rest upon the possibility that the trial judge will disbelieve the prisoner, we see no reason to insist that it do more.” at 111, n. 2. This is exactly what occurred in the instant case.
Furthermore, it is important to note that in Commonwealth ex rel. Washington v. Maroney, supra, the Supreme Court reaffirmed the proposition set forth in Commonwealth ex rel. Dion v. Tees, 180 Pa. Superior Ct. 82, 118 A. 2d 756 (1955), that “mere allegation of short notice to a defendant and short conference with counsel is not alone self-sustaining [of a claim of ineffectiveness of counsel] . . .”
Thus, the petitioner must bear the burden of proof. Here, the lower court rejected the testimony of petitioner and opined that “. . . I do not believé Grandy’s dreamed up concoction thirteen years after the event.” Since the testimony of petitioner was disbelieved by the lower court and no other evidence was produced, it is our opinion that he has not met his burden of proof as to ineffectiveness of trial counsel.
Petitioner also alleges that his sentence be changed to correct an alleged illegality. The factual background of this case is set forth in great detail in the opinion of the lower court. After an extensive review of the record, it is our opinion that the court below properly found that petitioner was correctly tried and sentenced on four separate bills of indictment.
For these reasons, therefore, we affirm the order of the court below.