Commonwealth *v.* Minnick, Appellant.

Submitted September 30, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ben F. Wright,* for appellant.

*A. J. Kuzdenyi,* First Assistant District Attorney, and *Joseph Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

Appellant entered a plea of guilty to murder in 1962; after a degree of guilt hearing he was found

guilty of second degree murder and sentenced to a term of imprisonment of six to twelve years. In 1967 he filed a Post Conviction Hearing Act petition which was denied without his being represented by counsel. This Court reversed and remanded, 427 Pa. 399, 235 A. 2d 150 (1967), for a new hearing with counsel. This second hearing was held, resulting in a denial of the requested relief; this appeal followed.*

Petitioner's first set of claims all revolve around his contention that, because of his amnesia and alcoholic state, he should have either (1) been acquitted of the crime, (2) found incompetent to enter a plea or (3) been adjudged to have been ineffectively represented by counsel because his counsel failed to raise either (1) or (2).

After taking testimony, the hearing judge found as a fact "that Minnick knew what he was doing at the time the murder was committed, at the time he entered his plea of guilty, at the hearing to determine the degree of guilt, and at the sentence immediately following".

These findings if supported by evidence in the record may not be overturned. Indeed, this is the situation here. Most of petitioner's case is based on his own testimony. The hearing judge rejected this: "We find his testimony at the Post Conviction hearing unworthy of belief, as we previously found his testimony at the hearing on the guilty plea incredible . . . ." Further, there is more than adequate testimony by his trial

---

* Unfortunately, it has been necessary to decide this appeal without the benefit of a brief from the district attorney of Fayette County. The brief for the appellant was submitted on September 30, 1968. As of the date of preparation of this opinion, October 30, 1968, the Commonwealth has yet to see fit to present their argument. This inordinate delay in no way helps the prompt and fair disposition of cases before this Court nor the effective administration of criminal justice.

counsel and the police officers to support the hearing judge's conclusion.

Nor is the ineffective counsel allegation well taken. First, it is hardly clear that any of the alternative courses of action now suggested by petitioner would have been successful. The evidence of mental incompetency is marginal and based on amnesia and inebriation, rather than a mental disability. Second, assuming that his incompetence would have been a possibly reasonable defense, we can hardly say that the particular course chosen by counsel had *no* reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967). This was a case with a great probability of a first degree conviction; trial counsel was intent upon receiving a lesser degree of guilt and a light sentence, a result which he in fact obtained. Therefore, we conclude that petitioner's original trial counsel could not be considered ineffective.

Petitioner's last claim is that the hearing judge considered and partially based his opinion upon a mental examination made on behalf of the petitioner which was not offered into evidence at the degree of guilt or post-conviction hearing. Petitioner points out that if he could have afforded the examination himself, the report never would have come into the hands of the trial judge. But because the cost of the report was borne by the county, the hearing judge received a copy. We agree with petitioner that this use violated petitioner's fundamental right to choose the evidence he wished to present and to confront, challenge and test evidence produced by the adverse party. We find the utilization and consideration by the hearing judge of the evidence not of record objectionable. Such an independent outside-the-record inquiry is contrary to our ad-

466

versary system and was rejected by this Court in *Commonwealth v. Zaffina,* 432 Pa. 435, 428 A. 2d 5 (1968). See *Commonwealth ex rel. Green v. Rundle,* 413 Pa. 401, 196 A. 2d 861 (1964).

However, a careful review of the record in the instant case establishes that despite the judge's use of this report in reaching his conclusions, there was so much independent evidence of the competency of the petitioner that we can safely say the judge's use of the report "was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967); *Commonwealth v. Padgett,* 428 Pa. 229, 237, 237 A. 2d 209, 214 (1968). Therefore, we conclude that the determination of the court below should be affirmed, but in so doing in no way minimize the incorrectness of the beyond-the-record aspects of the hearing.

Order affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN took no part in the consideration or decision of this case.