Commonwealth *v.* Wright, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Frank S. Dreeben,* for appellant.

*David Richman, Douglas B. Richardson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., February 27, 1975:

This appeal is from the denial of relief under the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.* (Supp. 1974-75).

On June 26, 1958, appellant appeared before Judge REIMEL and pleaded guilty[1] to aggravated robbery on Indictment No. 945.[2] He was sentenced to 10 to 20 years. On July 3, 1958, his sentence was reconsidered and vacated by Judge REIMEL. Re-sentencing was deferred until February 5, 1959, when he was again sentenced to 10 to 20 years by Judge REIMEL. No appeal was taken at that time. On February 23, 1973, appellant filed a petition for relief pursuant to the Post Conviction Hearing Act, *supra*. Hearings were held before Judge DOTY on May 31 and August 3, 1973. The petition was denied and this appeal followed.

It is first necessary to clarify the nature of appellant's plea to Indictment No. 945. On the indictment itself, as well as in the docket entries, it is stated that appellant pleaded guilty; and at the post-conviction hearing appellant testified that he had pleaded guilty, and the Commonwealth agreed. However, the post-conviction hearing judge, in his opinion, and the Commonwealth, in its brief to this court, state that although appellant pleaded guilty to some of the other indictments, he pleaded not guilty to No. 945. We ascribe these statements to inadvertence. On the basis of our examination of the indictment, and of appellant's testimony at the post-

---

1. There is some confusion as to whether appellant pleaded guilty or was found guilty. This will be discussed *infra*.

2. Most of the records and transcripts in this case are missing. However, it appears from the transcript of the post-conviction hearing and from the briefs that on June 26, 1958, appellant was tried for several aggravated robberies in addition to the one charged in Indictment No. 945. The post-conviction hearing record makes reference to Indictments Nos. 942, 944, 947, 949, 950, and 953 through 966. Also, appellant and the Commonwealth agree that there were six separate aggravated robberies charged. The only indictment that we have a copy of is No. 945. However, as appellant bases his appeal only on that indictment, we do not believe that the absence of the other indictments, and of the trial transcripts, will hamper our decision.

conviction hearing, we find that in fact appellant pleaded guilty to Indictment No. 945. We shall therefore consider appellant's several claims for relief in light of that finding.

Appellant claims that his arrest was unlawful and that he was denied ordinary rights and privileges by the police at the time of his arrest. At the post-conviction hearing appellant testified in support of this claim that he was taken to the police station, handcuffed to a chair, and slapped twice by the detectives who were interrogating him.

The manner in which a defendant is treated when arrested will not result in the vacation of a plea of guilty unless the facts are sufficient to prove that the defendant's will was so overborne that the plea was involuntary. *Commonwealth v. Musser,* 220 Pa. Superior Ct. 269, 286 A. 2d 651 (1971). Whether this occurred will often present an issue of credibility. Here, the hearing judge chose not to find that appellant's will was overborne. The question is therefore whether this decision is supported by the evidence. *Commonwealth v. Dickerson,* 449 Pa. 70, 73-74, 295 A. 2d 282, 284 (1972). "[I]f supported by evidence in the record [the hearing judge's findings] may not be overtuned" on appeal. *Commonwealth v. Minnick,* 432 Pa. 462, 464, 247 A. 2d 569, 571 (1968).

In describing the slaps, appellant said one "wasn't too hard," and that he did not require medical attention; and although he said he had been handcuffed for five hours without food or water, and without being permitted to go to the bathroom, he did not recall asking for food or water or to go to the bathroom. Also, his testimony weakened under cross-examination. In the circumstances, we conclude that the hearing judge's finding was within his discretion, and we shall not disturb it.

Appellant next claims that his confession was involuntary. Before a guilty plea may be set aside because of an involuntary confession, the defendant must show: (1)

that the confession was unconstitutionally obtained under the standards applicable at the time of his plea; (2) that the plea was primarily motivated by the existence of the confession; and (3) that he was incompetently advised by counsel to plead guilty rather than stand trial. *McMann v. Richardson*, 397 U.S. 759 (1970); *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970).

At the post-conviction hearing appellant claimed that his attorney, a Public Defender, had induced him to sign statements on the promise that if he cooperated by making the statements to the police, the judge would be lenient and give him probation. Appellant also claimed that he could not read well, and that he therefore did not know what the statements said. On cross-examination, however, it became apparent that the statement that referred to the crime charged in Indictment No. 945 was exculpatory.[3] The hearing judge chose to disbelieve appellant, and found that the confession was "freely and voluntarily" given. Again, we shall not disturb this finding. *Commonwealth v. Minnick, supra* at 464, 247 A. 2d at 571.

Appellant next makes a general attack on the voluntariness of his guilty plea. The burden of proving the involuntariness of a plea entered before January 3, 1968, is on the defendant. *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968).[4] "We begin with the

---

3. On cross-examination the Assistant District Attorney read the statement that appellant gave the police, as follows: "What do you know of the robbery on March 24th, 1958 of the Freihofer bread truck on the highway, 1635 North Thirty-Second Street? ANSWER: I don't know nothing about this either."

4. In 1958, no colloquy between the court and the defendant as to the voluntariness of a guilty plea was required, and as we do not have any record of one, we assume none was held. The burden of proving the infirmity of a guilty plea where the record is "silent," *i.e.*, where there is no colloquy, is on the defendant. *Commonwealth ex rel. West v. Rundle, supra* at 104, 237 A.2d at 198. For "cases tried after January 3, 1968, if an on-the-record examination of the

proposition that whenever the accused pleads guilty to an indictment, he is presumed to be aware of what he is doing. Therefore, the burden is ordinarily on the appellant to prove that he did not enter his guilty plea knowingly . . . . It is a matter of credibility and the court may refuse to believe the appellant's version of what happened." *Commonwealth v. Cushnie,* 433 Pa. 131, 132-133, 249 A. 2d 290, 291 (1969).

The hearing judge found[5] the plea to be voluntary. In arriving at this finding, he noted that appellant had pleaded guilty to some indictments and not guilty to others,[6] which indicates that appellant was aware of his right to plead not guilty and chose voluntarily to waive that right in this case. We find that appellant has not met his burden.

Finally, appellant claims that he was not represented by counsel when he was resentenced by Judge REIMEL on February 5, 1959.[7]

---

defendant was not conducted, the burden of proof in the post-conviction hearing shifts to the Commonwealth to prove that the plea was entered knowingly and voluntarily [footnote omitted]." *Commonwealth v. Godfrey,* 434 Pa. 532, 536, 254 A.2d 923, 925 (1969). On June 2, 1969, the Supreme Court of the United States decided *Boykin v. Alabama,* 395 U.S. 238, which requires an on-the-record colloquy in all cases tried after June 2, 1969. *Boykin* is not to be applied retroactively in Pennsylvania. *Commonwealth v. Godfrey, supra* at 537, 254 A.2d at 925.

5. Although, as noted, the hearing judge believed the plea to have been not guilty, he also proceeded ("assuming, arguendo, that defendant did plead guilty") to consider the voluntariness of the plea.

6. While we are not certain to which indictments appellant pleaded not guilty, we do have evidence, which was given by appellant on direct examination, that after hearing the evidence against him, he "changed his plea to guilty on Bill 961." It is therefore clear that at least as to No. 961, he originally pleaded not guilty.

7. In this connection, appellant also contends that he has paid a sufficient price to society for his violation, having already served

The re-sentencing transcript is missing. "[W]hile a transcript per se is not an absolute due process necessity, there must be at least an equivalent 'picture' of what transpired below," if an appellate court is to decide the case properly; and if it is impossible to provide such a picture, a new trial must be ordered. *Commonwealth v. Anderson,* 441 Pa. 483, 272 A. 2d 877, 882 (1971), made retroactively applicable by *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A. 2d 93 (1972).

Here, Judge DOTY had select portions of the record at the time of the post-conviction hearing.[8] In addition, he reconstructed the missing portions through testimony given at the hearing. Of particular importance was the testimony of Armand Della Porta, who was the Assistant District Attorney at the resentencing, and is now a Common Pleas Judge. While Judge DELLA PORTA had no independent recollection of this case, he did bring with him the District Attorney's file on Indictment No. 945. He testified that noted on the file jacket, in his own handwriting, was the fact that appellant was represented at the resentencing by Public Defender Robert Thompson, Esquire.[9] Judge DELLA PORTA testified that it was invariably his practice to make such notations contemporaneously with the hearing. Judge DOTY accepted this testimony and found "that defendant was represented by counsel when he was resentenced by Judge REIMEL on February 5, 1959." As this finding is supported by the record, we shall not disturb it. *Commonwealth v. Minnick, supra* at 462, 247 A. 2d at 571.

The decision of the lower court is affirmed.

---

almost 10 years of his 10 to 20 year sentence. As no legal issue is presented by this allegation, we shall not treat it further.

8. Unfortunately, these portions are now missing.

9. Judge DOTY was advised by the Assistant District Attorney before him that Mr. Thompson had stated that he had no recollection of the case. Mr. Thompson was not called to testify by either party.