348 A.2d 423

COMMONWEALTH of Pennsylvania

v.

James McBURSE, Appellant.

Supreme Court of Pennsylvania.

Argued June 27, 1975.

Decided Nov. 26, 1975.

Joseph N. Bongiovanni, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., A. J. Gafni, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In this appeal, appellant James McBurse challenges his continued confinement pursuant to section 408 of the Mental Health and Mental Retardation Act,[1] which provides for the commitment of those found incompetent to stand trial. We vacate the hearing court's order of commitment and remand for further proceedings.

Appellant was arrested on January 5, 1967, on charges stemming from the fatal stabbing of his wife. On March 16, 1967, after a preliminary hearing, he was indicted for murder, voluntary manslaughter, and involun-

---

1. Mental Health and Mental Retardation Act of October 20, 1966, special sess. No. 3, P.L. 96, art. IV, § 408, 50 P.S. § 4408 (1969).

tary manslaughter. However, on June 2, 1967, appellant was found incompetent to stand trial and was committed to Farview State Hospital.

On October 9, 1973, appellant filed a petition in the trial court for dismissal of the indictment against him. The court, on November 21, 1973, and again on April 15, 1974, without ruling on this petition, ordered psychiatric examinations of defendant to redetermine his competency to stand trial. The examining physicians reported that appellant remained incompetent to stand trial and that there was little hope he would ever become competent.

On May 15, 1974, the court, apparently on its own motion, held the hearing which is the subject of this appeal. The court addressed only one issue—whether the United States Supreme Court's decision in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), which invalidated indefinite commitments based solely on a defendant's incompetency to stand trial, had any effect on appellant's continued commitment under section 408. Appellant offered no evidence and made no argument concerning his initial claim that the indictments should be dismissed with prejudice. The court ordered appellant's continued commitment under section 408 until he either becomes competent or ceases to be dangerous to himself or others.[2]

Appellant raises the following claims in this appeal of that order: (1) that, contrary to the hearing court's order, his commitment cannot continue under section 408 of the Mental Health and Mental Retardation Act; (2) that the indictments against him must be dismissed with

2. Appellant appealed that order to this Court on August 23, 1974. However, on November 21, 1974, he petitioned for a writ of habeas corpus in the trial court, reasserting his claim that the indictment should be dismissed with prejudice. On December 17, he petitioned this Court for a remand of the commitment hearing record so that it could be used in the habeas corpus proceedings. We denied that request on January 9, 1975.

prejudice because the Commonwealth failed to make a prima facie case against him at the preliminary hearing and because the delay caused by his incompetency amounts to a denial of a speedy trial.

■■ We grant relief on appellant's first claim that his commitment under section 408 cannot continue. *Commonwealth v. McQuaid,* 464 Pa. 499, 347 A.2d 465 (1975). Appellant was committed over eight years ago after he was determined to be incompetent to stand trial. The hearing court found that he would probably never gain that competency. Thus, his commitment under section 408 amounts to an indefinite commitment. As we stated in *McQuaid*:

> "We hold . . . that a defendant may be committed under section 408 '. . . only for a reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.' *Jackson v. Indiana,* supra, 406 U.S. at 738, 92 S.Ct. at 1858."

Appellant must either be committed under the civil commitment provisions of section 406 [3] or be released.

■ Appellant's second claim is not properly before us. It involves difficult issues of fact which have not been presumed to a hearing court. Appellant may, of course, raise his allegations in an appropriate proceeding.

The order of commitment under section 408 of the Mental Health and Mental Retardation Act is vacated; case is remanded for proceedings in conformity with this opinion.

**3.** Mental Health and Mental Retardation Act of October 20, 1966, special sess. No. 3, P.L. 96, art. IV, § 406, 50 P.S. § 4406 (1969).