364 A.2d 1357
COMMONWEALTH of Pennsylvania,
Appellee,
v.
Eddie WILDER, Appellant.

Supreme Court of Pennsylvania.
Submitted March 8, 1976.
Decided Oct. 8, 1976.

238

John J. Dean, Louis Dadowski, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

This is an appeal from an order of the trial court denying appellant relief under the Post-Conviction Hearing Act [1] following an evidentiary hearing ordered by this Court. See *Commonwealth v. Wilder*, 461 Pa. 597, 337 A.2d 564 (1975).

In his first appeal to this Court, Wilder contended, *inter alia*, that he had been denied his right to confront Harold DeWolf, the victim of the robbery-murder with which Wilder was charged, after he had been shot and before he died. (DeWolf was immediately hospitalized after the robbery, during which he was shot twice in the abdomen; he survived for twenty-four days thereafter.) We determined that appellant was entitled to such a confrontation absent "exceptional and compelling reasons,"

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1976–77).

such as the victim's physical or mental condition. *Id.* at 604, 337 A.2d at 568. Because the record before us at that time did not contain any evidence of the victim's condition, we remanded the case to the trial court for an evidentiary hearing to ascertain whether his condition "could justify the authorities' failure to afford appellant confrontation." *Id.*

Pursuant to our order of remand, the court below held a hearing [2] at which testimony was taken of Dr. Daniel Brooks, the victim's physician during the period in question. Based upon his testimony and the hospital's medical records relative to DeWolf, which were received into evidence, the court found as "facts that Harold DeWolf was both mentally and physically unable to cooperate, and further, that any attempt to force confrontation upon him would have been both unreliable and dangerous in its effect."

In *Commonwealth v. Minnick*, 432 Pa. 462, 464, 247 A.2d 569, 571 (1968), we stated that findings of fact by the trial judge in a hearing under the Post-Conviction Hearing Act "if supported by evidence in the record may not be overturned." See also *Commonwealth v. Wright*, 232 Pa.Super. 470, 334 A.2d 766 (1975). Having reviewed the record, we find ample evidence to support the court's findings.[3]

Order affirmed.[4]

**2.** The hearing was conducted by Administrative Judge Samuel Strauss and Judge Loran L. Lewis jointly. They later filed a joint opinion in support of their order denying post-conviction relief.

**3.** Appellant asks us to reject those findings because of alleged conflicts between Dr. Brooks's testimony at the hearing and the contemporaneous description of the victim's condition as contained in the medical records. Assuming such conflicts exist, they were for the fact-finder and not this Court to resolve. *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

**4.** In addition to the issue of the victim's condition, appellant in his brief also raises the question whether he had been denied a fair trial by reason of the Commonwealth's suppression of an oral

240

ROBERTS, J., concurs in the result.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice (dissenting).

In the appellant's first appeal to this Court we determined that he was entitled to confront Harold DeWolf absent "exceptional and compelling reasons." See *Commonwealth v. Wilder*, 461 Pa. 597, 337 A.2d 564 at 568 (1975). The burden therefore, was on the prosecution to come forward with evidence sufficient to sustain a finding that "exceptional and compelling reasons" existed to justify denying the appellant his right to confront the witness.

After reviewing the record, I fail to see how the prosecution has met this burden by introducing into evidence the contemporaneous medical records of Harold DeWolf and the *conflicting* testimony of Dr. Brooks.

On these facts I would hold that there is insufficient evidence in the record to sustain the findings of the trial court, and accordingly I would reverse.

statement made by the victim which was allegedly exculpatory of the appellant. This issue has been raised for the first time on this appeal and is clearly outside of the scope of our remand order. Accordingly, we will not consider it. *Commonwealth v. McBurse*, 465 Pa. 198, 348 A.2d 423 (1975).