410 A.2d 295

COMMONWEALTH of Pennsylvania

v.

**Benjamin Regan McELVEEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided Feb. 1, 1980.

O. Robert Silverstein, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Asst. Dist. Atty., Stephen J. Cooperstein, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In a proceeding under the Post Conviction Hearing Act, January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S.

§§ 1180–1 et seq., appellant Benjamin Regan McElveen challenges the validity of his guilty plea. Appellant contends that the failure of his counsel and the suppression court to raise the issue of competency renders his subsequent guilty plea invalid. We disagree. Because the record supports the PCHA court's finding that appellant's guilty plea was validly entered, we affirm the order of the PCHA court.

Appellant was arrested on October 30, 1969 and charged with murder, robbery, conspiracy, and violation of the Uniform Firearms Act. On February 24, 1971, prior to trial on these charges, appellant was found incompetent to stand trial and committed to a state mental institution. Appellant was returned to prison by order dated January 27, 1972, following a state psychiatrist's determination that appellant was then competent to stand trial.

A hearing on appellant's motion to suppress a confession and certain physical evidence commenced on May 3, 1972. During this hearing, counsel never put his client's competency in issue, nor did the suppression court inquire into appellant's competency. The suppression motion was denied.

On July 24, 1973, appellant appeared for trial and pleaded guilty to murder and robbery. Following a colloquy with appellant and the admission of psychiatric testimony, the court adjudicated appellant competent to enter a guilty plea. Appellant was sentenced to serve a period of ten to twenty years and committed to Farview State Hospital. No direct appeal was taken from judgment of sentence. As indicated, appellant filed a PCHA petition, and after an evidentiary hearing his petition was denied. This appeal followed.

Appellant challenges the validity of his guilty plea on the grounds that the suppression court violated his due process rights by failing to inquire into his competency, and that his counsel was ineffective for not raising appellant's competency at that hearing. Appellant claims that the confession which was declared admissible at this allegedly defective suppression hearing induced him to plead guilty. The PCHA court, however, after a full hearing, rejected this claim of improper inducement. Rather, the court deter-

mined that the guilty plea was validly entered. The records supports these findings. Indeed, appellant admitted at the PCHA hearing that his plea was motivated by the prosecution's agreement to certify the homicide as rising no higher than second degree,* the trial court's statement that it would recommend appellant receive the benefit of a pre-release program, and his own belief that he was guilty of the crimes charged. There is no reason to disturb the findings of the PCHA court. *Commonwealth v. Minnick*, 432 Pa. 462, 247 A.2d 569 (1968) (PCHA court's findings, if supported by evidence in the record, may not be overturned on appeal).

Accordingly, the order of the PCHA court is affirmed.

NIX, J., concurs in the result.

---

* Appellant was charged under the 1939 Penal Code, 18 P.S. § 4701 (repealed in 1973).