416 A.2d 485

**COMMONWEALTH of Pennsylvania**

v.

**Raymond R. JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided July 3, 1980.

Daniel M. Pell, Easton, for appellant.

Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Raymond R. Johnson was charged with criminal homicide in the stabbing and shotgun death of Charles Jeffers. Commonwealth trial testimony established that codefendant Suzanne Ella Grendell telephoned Jeffers and asked him to come to her house. When he arrived, he was stabbed approximately seventeen times and shot with a shotgun by appellant and two other accomplices. Appellant was convicted by jury of murder of the first degree and

sentenced to life imprisonment. This Court affirmed judgment of sentence. *Commonwealth v. Johnson*, 474 Pa. 410, 378 A.2d 859 (1977). Throughout these proceedings appellant was represented by the same counsel.

Appellant now seeks relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. After a counselled hearing, the PCHA court held that appellant's claimed denial of due process and eight claims of ineffective assistance lack merit. We affirm.

█ Appellant contends that he was denied due process because his alleged use of thorazine throughout his trial rendered him incapable of comprehending the proceedings. The PCHA court, on the basis of counsel's and appellant's testimony, concluded that appellant understood the nature of his trial proceedings. See *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 227 A.2d 159 (1967); *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966). Because there is evidence in the record to support these findings of the PCHA court, we must deny appellant relief on this claim. See *Commonwealth v. Minnick*, 432 Pa. 462, 464, 247 A.2d 569, 571 (1968).

Appellant's first claim of ineffective assistance is that counsel failed to file a suppression motion for the three statements appellant gave to police. In the first statement, handwritten by appellant on December 6, 1974, appellant admitted stabbing and shooting Jeffers. In the second statement, a transcript of a tape recording of appellant's interrogation on December 6, 1974, appellant said that he stabbed and shot Jeffers. In the third statement, written by the police and signed by appellant on December 13, 1974, appellant identified the knife used to stab Jeffers.

█ It is well-settled that "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427

Pa. 599, 604, 235 A.2d 349, 352 (1967). So too, "counsel cannot be found ineffective for failing to assert a meritless claim." *Commonwealth v. Weathers El*, 485 Pa. 28, 32, 400 A.2d 1295, 1297 (1979). The PCHA court here found, on the basis of the testimony of appellant, the police, and defense counsel, that appellant's statements were voluntarily made, and accordingly concluded that counsel's failure to attempt to suppress those statements did not constitute ineffective assistance. Because there is evidence in the record to support this finding of the PCHA court, appellant may not be granted relief on this claim.

■ Appellant's second ineffectiveness claim is that counsel improperly failed to seek a change of venue. He bases this claim on one allegedly inflammatory newspaper article which appeared five months before trial, referring to appellant as the "Louisiana hitman." It is clear, however, that a motion for change of venue would have been unwarranted in light of the minimal publicity generated by this single newspaper article and the long "cooling off" period. See *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978); *Commonwealth v. Hoss*, 469 Pa. 195, 364 A.2d 1335 (1976). Accordingly, this claim must be rejected.

The third and related ineffectiveness claim is that counsel failed to ask all prospective jurors during voir dire if they had heard that appellant was the "Louisiana hitman." The record reflects that nine jurors were asked if they had heard of the trial of appellant's accomplices, several months ago. It was at that trial that the phrase "Louisiana hitman" was used. All those who answered in the affirmative were asked further questions concerning their knowledge of the case, and those with prior knowledge were asked whether such knowledge would influence them. All replied no. In any case, as noted, the reference to "Louisiana hitman" appeared in only one newspaper article five months before trial. In light of these considerations, we agree with the PCHA court that appellant had a fair and impartial jury, and accordingly reject this claim of appellant.

■ Appellant's fourth ineffectiveness claim is that counsel failed to move for a directed verdict on the issue of legal causation, and failed to preserve that issue for appellate review. Appellant contends that the Commonwealth pathologist's testimony that the victim could have died from either the stabbing or the shotgun blast, read in conjunction with appellant's trial testimony that he only shot the victim, means according to appellant that the Commonwealth failed to carry its burden of proving legal causation. Appellant, however, gave the police inculpatory statements, admitted at trial, in which he confessed to stabbing and shooting the victim. It must be concluded, then, that the Commonwealth sufficiently proved the causal link appellant's actions and Jeffers' death. See *Commonwealth v. McCloud*, 457 Pa. 310, 322 A.2d 653 (1974).

■ Appellant's fifth claim is that counsel failed to advise appellant of the dangers of testifying. At trial, appellant testified that he shot Jeffers, but only by accident. The PCHA court found, on the basis of counsel's testimony, that counsel advised appellant to testify, and concluded that such advice was reasonable given the strength of the Commonwealth's case against appellant. We agree. Appellant also claims counsel failed to adequately consult with appellant. The PCHA court, however, rejected this claim, finding that counsel met numerous times with appellant, discussed trial strategy with him, and was prepared for trial. See *Commonwealth v. Sisco*, 482 Pa. 459, 393 A.2d 1197 (1978); accord *United States ex rel. Chambers v. Maroney*, 408 F.2d 1186 (3rd Cir. 1969), aff'd 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

■ Appellant's sixth claim of ineffectiveness is that counsel failed to object when the judge, and not the jury as required by statute, imposed the penalty. While it is true that the judge here dismissed the jury before imposing sentence, such error is harmless beyond a reasonable doubt because appellant received the minimum sentence for first degree murder, life imprisonment. See *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

Appellant's seventh ineffectiveness claim is that counsel failed to sequester the jury. Appellant bases this claim on three newspaper articles that were published during the trial concerning the proceedings. Our review of the record, however, discloses that the circumstances did not require such an action by counsel. These articles were objective accounts of trial testimony which the jurors had already heard. No prejudice resulted from counsel's failure to seek sequestration, and thus this ineffectiveness claim must be denied.

Appellant's final ineffectiveness claim is that counsel failed to preserve for appellate review the issue of alleged prejudice resulting from the introduction into evidence of five photographs. Two of the photos depicted the victim at the location he was found. The other three photographs showed the various wounds of the victim. It must be concluded that counsel reasonably abandoned this claim on appeal since the photographs had sufficient probative value to merit their admission into evidence. See *Commonwealth v. Powell*, 428 Pa. 275, 241 A.2d 119 (1968); *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974).

Order of the PCHA court is affirmed.