443 A.2d 845

COMMONWEALTH of Pennsylvania,

v.

Benjamin PORTA, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 5, 1981.

Filed March 26, 1982.

Petition for Allowance of Appeal Denied Sept. 1, 1982.

Clifford B. Conn, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

Appellant, Benjamin Porta, appeals from the lower court's order denying his request for relief under the Post-Conviction Hearing Act [1] (PCHA). We affirm.

On *May 12, 1954,* appellant, while represented by two attorneys appointed by the trial court, pled guilty before a three-judge-panel to the stabbing death of one Ms. Marian Sommerfield. The trial court, after accepting appellant's first-degree murder plea, imposed a sentence of life imprisonment. Appellant took neither a direct appeal from the judgment entered (having filed no post-trial motions) nor did he submit a petition to withdraw his plea. In fact, no legal action was taken by appellant until he filed a *pro se* PCHA petition on July 26, 1978, in which he alleged the denial of his right to the representation by competent counsel at the preliminary hearing. Per appellant's request, the court appointed counsel who presented an amended PCHA petition on February 21, 1979 contending, in essence, that:

[1]. The Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq. as amended,* 19 P.S. § 1180–1 *et seq., repealed* by Section 2(a) [1397] of the Act of April 28, 1978, P.L. 202, No. 53 repeal effective June 27, 1980, *as amended* by Section 1 of the Act of June 26, 1980, P.L. 265, No. 77, § 2, delaying repeal until June 27, 1981.

1) appellant was denied his right to representation by counsel at the preliminary hearing; and 2) appellant's confession, obtained during custodial interrogation, was not "given freely and voluntarily[.]" The Commonwealth's response to said petition was that the claims raised therein were either finally litigated or waived. At the hearing, the appellant was the only one to testify and his testimony was restricted to the issues set down in the amended PCHA petition. After the proceeding, the lower court denied appellant's request for relief on October 1, 1980. Because appellant's attorney became associated with the District Attorney's Office of Philadelphia County, he could no longer represent appellant for the purposes of an appeal, so the court appointed new (private) counsel on October 2nd. However, new counsel failed to perfect a timely appeal. As a result of this nonfeasance, the lower court, at a hearing held on December 5, 1980, granted appellant the right to petition this Court for permission to appeal *nunc pro tunc*, which was granted by a Per Curiam order dated February 9, 1981. Thereafter, the present appeal was filed. It is to be noted that at the December 5th hearing, appellant was asked by the court, given new counsel's ineffectiveness in neglecting to pursue a timely appeal initially, whether "[u]nder those circumstances . . . [he] wish[ed] this same attorney to remain on the case?" (N.T. 12/5/80, at 11) Appellant answered, "Yeah, because I think the reason is no fault of his. It's just circumstances." *Ibid.*

Before we can reach the merits of appellant's claims, we must determine whether the Commonwealth's assertion that the issues raised in the PCHA petition are waived, and thus not preserved for appellate review, because appellant "did not attempt to withdraw his guilty plea and never filed a direct appeal." *See Commonwealth v. Jones*, 477 Pa. 266, 267, 383 A.2d 936, 938 (1978) (Logically, the Court needs to determine whether the petitioner has waived his claim prior to reaching the merits); *accord Commonwealth v. Holmes*, 468 Pa. 409, 414 n. 4, 364 A.2d 259, 262 n. 4 (1976); *Commonwealth v. Hayes*, 462 Pa. 291, 298, 341 A.2d 85, 89 (1975). In support of such contention, the Commonwealth cites us, to 19

P.S. § 1180–3(d), 4(b) & (c).[2]  We find that the PCHA's waiver concept is not applicable to the case at bar.

Initially, we note that it is now settled that the proper procedure for attacking a guilty plea following the entry of judgment of sentence is to file with the trial court which accepted the plea a petition to withdraw the plea. *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Flynn*, 295 Pa.Super. 513, 442 A.2d 256 (1982).  However, at the time appellant pled guilty, an accused could challenge his conviction on direct appeal, *see Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968), or assail the validity of his plea in a collateral proceeding initiated pursuant to a writ of habeas corpus, *see Commonwealth v. Melton*, 449 Pa. 223, 296 A.2d 727 (1972); *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A.2d 613 (1965).  Based on the aforesaid, since the PCHA did not become effective until March 1, 1966, and given the fact that there was no waiver doctrine either by statute or by case law before 1966, we find that the waiver concept can bar a claim, raised in a petition under the PCHA, *"only if an appellant knowingly and understandingly failed to raise the claim in a proceeding filed after the effective date of the [PCHA]."* (Emphasis added) (Citations omitted) *Commonwealth v. Goldsmith*, 452 Pa. 22, 24, 304 A.2d 478, 480 (1973).

2.  To be eligible for relief under the PCHA, a petitioner must prove, *inter alia*:

"That the error resulting in his conviction and sentence has not been ... waived."  Section 3(d) of the PCHA, 19 P.S. § 1180–3(d) (Supp. 1977–78).

Furthermore, Section 4(b) of the PCHA, 19 P.S. § 1180–4(b) (Supp. 1977–78), provides:

"For purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

Finally, Section 4(c) of the PCHA, 19 P.S. § 1180–4(c) (Supp. 1977–78), provides:

"There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

Instantly, the first petition ("proceeding") filed by the appellant *after the effective date of the PCHA* was the July 26, 1978 *pro se* petition which was later amended and the denial of which is presently before this Court for review. Thus, we decline to apply the waiver provisions of the PCHA retroactively to bar consideration of claims, presented in the context of a PCHA petition, which could have been raised in a direct appeal or in a habeas corpus petition prior to the PCHA's effective date.[3] *See Commonwealth v. Melton*, 465 Pa. 529, 532 n. 3, 351 A.2d 221, 223 n. 3 (1976); *Commonwealth v. Goldsmith, supra; Commonwealth v. Schmidt*, 452 Pa. 185, 188 n. 4, 299 A.2d 254, 267 n. 4 (1973); *see also Commonwealth v. Fernandez*, 487 Pa. 493, 496 n. 6, 410 A.2d 296, 298 n. 6 (1980).

■ We now turn our attention to the averments raised by the petitioner on appeal. Appellant first argues that he was unconstitutionally denied the right to counsel at his preliminary hearing held on January 3, 1954. Although the United States Supreme Court held in 1970 that a preliminary hearing is a critical stage in a criminal proceeding requiring the presence of counsel unless knowingly waived, *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), that decision is not retroactive. *Adams v. Illinois*, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); *Commonwealth v. Thomas*, 440 Pa. 213, 270 A.2d 211 (1970);

3. Additionally, we find it appropriate to mention that the record of the PCHA hearing leaves no doubt that the Commonwealth introduced no evidence to show that appellant waived his right to appeal and to the assistance of counsel. Therefore, the Commonwealth did not meet its burden of demonstrating that appellant's failure to appeal was " 'an intentional relinquishment or abandonment of a known right.' " *Commonwealth v. Wilson*, 430 Pa. 1, 3, 241 A.2d 760, 762 (1968) (quoting *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 218, 220 A.2d 883, 884 (1966); *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 160, 218 A.2d 811, 813 (1966)); *see also Commonwealth v. Crowson*, 450 Pa. 218, 299 A.2d 318 (1973); *Commonwealth v. DeSimone*, 447 Pa. 380, 381 n. 1, 290 A.2d 93, 94 n. 1 (1972); *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971); *Commonwealth v. Robinson*, 442 Pa. 512, 276 A.2d 537 (1971); *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970); *see generally Commonwealth v. Fareri*, 271 Pa.Super. 174, 412 A.2d 632 (1979). Accordingly, we hold that the appellant is entitled to have the denial of his PCHA petition reviewed in this appeal.

*Commonwealth v. James,* 440 Pa. 205, 269 A.2d 898 (1970). We need not consider, therefore, whether appellant was in fact denied counsel at the preliminary hearing. *Commonwealth v. Leamer,* 449 Pa. 76, 295 A.2d 272 (1972); *Commonwealth v. Campas,* 232 Pa.Super. 347, 331 A.2d 670 (1974).

■ Appellant next complains that the confession he gave to the police was erroneously admitted at the guilty plea hearing because it was not voluntarily given. In support of this position, our attention is called to the following. Porta was interrogated by the police for approximately two hours, while he was handcuffed to a chair. The appellant also testified to being beaten and threatened by the police into confessing. The hearing court, after evaluating the appellant's version, made the following determination:

"We are convinced and find as a fact that the defendant's confession given by him to the police following his arrest was not coerced. We find as a fact that such confession was the product of a free and unfettered will; that such confession was made freely and voluntarily. We conclude as a matter of law that the confession was validly admitted into evidence at defendant's guilty plea hearing." (Lower Court Opinion at 3–4)

On the subject of reviewing a PCHA court's determination, this Court has held:

"The PCHA court has discretion to disbelieve testimony; thus, self-serving or uncorroborated statements on petitioner's behalf do not shift and do not necessarily sustain petitioner's burden of proof, even when the Commonwealth presents no rebuttal evidence. *See Commonwealth v. Grandy,* 212 Pa.Super. 438, 243 A.2d 188 (1968). In *Commonwealth v. Sullivan,* 472 Pa. 129, 145, 371 A.2d 468, 476 (1977), our Supreme Court stated that '[t]he findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. . . . Consequently, this Court will not disturb its findings if they are supported in the PCHA record. . . . This is true even when the record could support a contrary holding.' (citations omitted). *See Commonwealth v. Lee,* 478 Pa. 70, 385 A.2d 1317 (1978); *Commonwealth v. Wil-*

*der,* 469 Pa. 237, 364 A.2d 1357 (1976); *Commonwealth v. Minnick,* 432 Pa. 462, 247 A.2d 569 (1968); *Commonwealth v. Wright,* 232 Pa.Super. 470, 334 A.2d 766 (1975)." *Commonwealth v. Sweitzer,* 261 Pa.Super. 183, 189–93, 395 A.2d 1376, 1380–81 (1978).

In light of the preceding, and since it is not the function of this Court to engage in a *de novo* evaluation of testimony elicited at a PCHA hearing, *see Commonwealth v. Clayton,* 496 Pa. 492, 437 A.2d 1147 (1981), we are not persuaded by the appellant to disturb the ruling made by the lower court.

Order affirmed.