444 A.2d 144

**COMMONWEALTH of Pennsylvania**

v.

**Edward C. DOBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed April 12, 1982.

Barry H. Oxenburg, Philadelphia, for appellant.

Nancy D. Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

BROSKY, Judge:

On September 28, 1979, appellant, Edward Dobson, was convicted of unlawful taking or disposition and acquitted of theft by receiving stolen property. Post-verdict motions were filed and denied. Dobson asserts that his trial counsel was ineffective. He is represented on appeal by new counsel. We remand.

Dobson remonstrates that his trial counsel was ineffective for the following reasons:

1. Appellant was denied the effective assistance of counsel where said counsel failed to raise and/or litigate the issue of double jeopardy or that prosecution was barred by a former prosecution and acquittal for the same offense.

2. Appellant was denied the effective assistance of counsel for failing to pursue the violation of appellant's rights to a prompt trial.

We must first review the procedural history of this case which is critical to our resolution of the appeal.

On January 12, 1979, Dobson was arrested and charged with theft by unlawful taking or disposition, theft by receiving stolen property, and simple assault. His trial began in the Municipal Court of Philadelphia on May 7, 1979, however, a mistrial for which Dobson moved was granted on May 8, 1979. On June 11, 1979, a second trial was held in Municipal Court after which a recorded verdict was entered finding Dobson guilty of simple assault and not guilty of theft by unlawful taking or disposition and theft by receiving stolen property. The record, however, contains evidence that the trial court intended to convict Dobson of theft by unlawful taking or disposition and theft by receiving stolen property alone.

A *de novo* appeal was then filed. Trial counsel stated in his notice of appeal that Dobson appealed from convictions of theft by unlawful taking and theft by receiving stolen property. The *de novo* trial was held in the Philadelphia Common Pleas Court non-jury. A verdict was entered fol-

lowing that trial finding Dobson guilty of theft by unlawful taking or disposition but acquitting him of theft by receiving stolen property.

The record reveals that no motions were filed by either party to correct the record verdict. We discussed the procedures by which a verdict is corrected in *Commonwealth v. Allen*, 287 Pa.Super. 88, 99, 429 A.2d 1113, 1118 (1981). We said:

> Defendant Allen's next argument is that the lower court erred in sentencing him on the conspiracy count since he was never found guilty of conspiracy. On the conspiracy count the court sentenced him to ten years' probation to run concurrent with the robbery sentence. In support of this argument defendant refers to the remarks of the judge at the end of the closing arguments. The judge stated that he found the defendants guilty of two counts of robbery and one count of possession of an instrument of crime. N.T. April 27, 1978, 213. Since the judge never *stated* that he was guilty of conspiracy, Allen argues that his sentence was improper. We are not persuaded by this argument. Nowhere does the judge state that he found the defendant not guilty of any of the charges. More importantly, however, the information for the conspiracy count shows a verdict of guilty was recorded on April 27, 1978, the date the trial ended, and was signed by the trial judge. *Commonwealth v. Huett*, 462 Pa. 363, 341 A.2d 122 (1975), establishes that recorded verdicts prevail over oral verdicts unless the party attacking them sustains his burden of proving that they did not reflect the "*obvious intention* of the trier of facts." Id., 462 Pa. at 368, 341 A.2d at 124 (emphasis original).

In *Commonwealth v. Huett*, supra, the trial judge in a non-jury trial announced that the defendant was guilty, inter alia, of second degree murder. However, the verdict was recorded as voluntary manslaughter. At sentencing when the judge attempted to sentence the defendant for voluntary manslaughter the prosecutor objected and moved to correct the verdict. A hearing was held on the

motion at which the court clerk testified that she believed that she had recorded the wrong verdict in the indictment. Nevertheless she also admitted that she had no "positive memory" about making a mistake and that the stenographer may have erred. The lower court granted the motion and on appeal the Supreme Court vacated the sentence and reimposed the sentence the lower court had announced it would impose when it thought the verdict was voluntary manslaughter.

The court stated that "[b]efore the recorded verdict may be altered or amended, there must be a finding, and sufficient evidence to support that finding, that the recorded verdict did not reflect the *obvious intention* of the trier of facts. Moreover, the burden of proof is upon the moving party." Id., 462 Pa. at 368, 341 A.2d at 123 (emphasis in original).

Turning to the merits of Dobson's claim, we note that we are guided in our determination of whether Dobson's trial counsel was ineffective by the standard enunciated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). That is,

... [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. (Footnote deleted.)

Id., 427 Pa. at 605, 235 A.2d at 352–353 (emphasis in original). See *Commonwealth v. Hubbard*, 485 Pa. 353, 402 A.2d 999 (1979).

We must determine first, however, whether the ineffectiveness claim is of arguable merit. *Commonwealth v. Johnson*, 490 Pa. 312, 416 A.2d 485 (1980), *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978). If it is not,

6

our inquiry ends there. In *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973), our Supreme Court said that the failure to pursue an issue of double jeopardy at any time post-trial amounted to ineffective assistance of counsel. Thus, we are satisfied that the issue is one of arguable merit.

■ The Commonwealth contends that trial counsel cannot be faulted for failing to pursue a futile double jeopardy claim. It argues that the record clearly supports its position that Dobson was convicted of unlawful taking or disposition and theft by receiving stolen property. Nevertheless, we cannot reach that conclusion where no motion was brought to correct the record verdict pursuant to the procedures outlined in *Commonwealth v. Huett*, 462 Pa. 363, 341 A.2d 122 (1975). We cannot hold now that the verdict should have been corrected. Hence, we are unable to find that trial counsel had *"some reasonable basis"* for his failure to bring posttrial motions on double jeopardy grounds. Therefore, we remand to the trial court to permit Dobson to file such a motion *nunc pro tunc.*

■ Next, Dobson argues his trial counsel was ineffective because he failed to assert that Dobson's right to a prompt trial was violated pursuant to Pennsylvania Rule of Criminal Procedure 6013(g). However, in his post-verdict arguments, the record discloses that Dobson only claimed that his trial counsel was ineffective for failing to assert a Rule 6013(c) motion to dismiss before his second municipal court trial. Thus, while Dobson claimed that Rule 6013(g) was violated in his supplemental post-verdict motions, in compliance with *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979), he abandoned that contention when at post-verdict argument he asserted only a 6013(c) motion. Thus, for purposes of appellate review, the issue is waived. *Commonwealth v. Penny*, 279 Pa.Super. 32, 420 A.2d 729 (1980).

Accordingly, the case is remanded to the trial court to permit Dobson to file a post-verdict motion claiming a violation of his right not to be held in jeopardy twice, *nunc pro tunc.*